**Fernando SOTO, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**Docket No. 98–2178.**

United States Court of Appeals, Second Circuit.

Submitted Nov. 13, 1998.

Decided July 21, 1999.

Connie Fern Miller, Watkins Glen, NY, for Petitioner–Appellant.

Emily Berger, Assistant United States Attorney, Eastern District of New York, Brooklyn, N.Y. (Zachary W. Carter, United States Attorney, Mark Lerner, Assistant United States Attorney, of counsel), for Respondent–Appellee.

Before: CALABRESI and STRAUB, Circuit Judges, and TSOUCALAS, Judge.*

* The Honorable Nicholas Tsoucalas, of the United States Court of International Trade, sitting by designation.

**50**

STRAUB, Circuit Judge:

Petitioner–Appellant Fernando Soto appeals from a final order of the United States District Court for the Eastern District of New York (Charles P. Sifton, *Chief Judge* ), denying his motion for post-conviction relief made pursuant to 28 U.S.C. § 2255. On appeal, Soto contends principally that the District Court should have granted his § 2255 motion because the District Court at sentencing failed to ensure that he had discussed his presentence report with counsel and failed to inform him of his right to appeal.

We hold that in light of the recent Supreme Court decision in *Peguero v. United States*, 526 U.S. 23, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999), a sentencing court's failure to inform a defendant of his right to appeal is subject to harmless error analysis. We hold further that the government bears the burden of establishing harmlessness by showing through clear and convincing evidence that the defendant either actually exercised this right, waived this right, or had independent knowledge of this right. We therefore vacate the District Court's order denying Soto's § 2255 motion and remand for further proceedings so that the District Court can make factual findings as to Soto's knowledge of his right to appeal.

## BACKGROUND

On September 16, 1992, Soto pleaded guilty to charges of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846, and of possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(ii)(II). Soto did not enter his plea pursuant to a plea agreement or any other arrangement with the government.

After a five day adjournment to allow Soto to familiarize himself with the presentence report prepared for his case, the District Court sentenced Soto on February 10, 1993. The District Court first calculated Soto's base offense level to be 32, in accordance with Sentencing Guidelines § 2D1.1(a)(3) (applicable to offenses involving between 5 and 15 kilograms of cocaine). It then reduced his offense level by two levels for acceptance of responsibility, pursuant to Sentencing Guidelines § 3E1.1(a). This adjusted offense level, combined with Soto's Criminal History Category of I, ultimately yielded a sentencing range of 97 to 121 months' imprisonment. Under 21 U.S.C. § 841(b)(1)(A)(ii)(II), however, the mandatory minimum sentence for the charged offenses was 10 years' imprisonment, which was the sentence that the District Court ultimately imposed. The District Court did not inform Soto of his right to appeal his sentence, and he in fact did not appeal.

In 1996, Soto moved to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). In this motion, Soto sought the application of the "safety valve" provision, 18 U.S.C. § 3553(f), enacted after his sentencing, which allows district courts to disregard statutory minimum sentences in certain drug cases under certain conditions.[1] The District Court denied the motion, holding that the safety valve provision was not retroactively applicable.

On or about March 24, 1997, Soto filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255, seeking vacatur of his sentence and resentencing with the benefit of the safety valve provision. He argued that the District Court failed to ensure that he had discussed the presentence report with counsel, as

---

1. The safety valve provision requires a District Court to impose a guideline sentence without regard to the statutory minimum in drug offenses if: (1) the defendant has a Criminal History Category of I; (2) the defendant did not use violence, the threat of violence, or did not possess a firearm in connec-

tion with the offense; (3) the offense did not result in death or serious injury; (4) the defendant was not an organizer or leader of the offense; and (5) prior to sentencing, the defendant provided the government with all information and evidence known to him. *See* 18 U.S.C. § 3553(f) (Supp.1998).

required by Federal Rule of Criminal Procedure 32(c)(3)(A), and that it failed to inform him of his right to appeal, as required by Federal Rule of Criminal Procedure 32(c)(5).

With respect to the Rule 32(c)(3)(A) claim, the District Court concluded that it had properly inferred from a colloquy with Soto's counsel at the beginning of the sentencing proceeding that Soto had discussed the presentence report with his counsel. The District Court therefore concluded that it complied with Rule 32(c)(3)(A). With respect to the Rule 32(c)(5) claim, the District Court acknowledged that it did not inform Soto of his right to appeal, but reasoned that Soto had no meritorious claim for appeal since he received the then-applicable mandatory minimum sentence for his crimes. Thus, because Soto had no viable appellate claim, the District Court concluded that its failure to inform him of his right to appeal was harmless, and that vacating his sentence in order to reinstate his right to appeal "would serve no practical purpose." The District Court therefore denied Soto's § 2255 motion, but granted him a certificate of appealability, pursuant to 28 U.S.C. § 2253, as to the Rule 32(c)(5) claim. Soto, proceeding *in forma pauperis* and now represented by counsel, appeals the denial of his § 2255 motion.

## DISCUSSION

On appeal, Soto contends that the District Court's determination that it complied with Rule 32(c)(3)(A) is not supported by the record, and that the District Court's refusal to grant the § 2255 motion despite its admitted failure to comply with Rule 32(c)(5) violates our holding in *Reid v. United States,* 69 F.3d 688 (2d Cir.1995) (per curiam). Recent changes in the law

of federal post-conviction relief, however, have generated uncertainty concerning the circumstances under which an appeal may be taken from the denial of such a motion in the District Court. Although neither party originally questioned the propriety of our jurisdiction,[2] it is nevertheless an issue that this Court has both the power—and, more importantly, the obligation—to examine *sua sponte. See Louisville & Nashville R.R. Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *Petereit v. S.B. Thomas, Inc.,* 63 F.3d 1169, 1175 (2d Cir.1995), *cert. denied,* 517 U.S. 1119, 116 S.Ct. 1351, 134 L.Ed.2d 520 (1996). Thus, before we address the merits of Soto's arguments, we first consider whether we have jurisdiction to hear his appeal.

## I. *Appellate Jurisdiction*

■ In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214. Among other changes, it amended 28 U.S.C. § 2253 to allow appeals from proceedings arising under 28 U.S.C. § 2254 (providing habeas relief from state court judgments) and § 2255 only if a certificate of appealability is issued.[3] *See* 28 U.S.C. § 2253(c)(1) (Supp.1998); *Lozada v. United States,* 107 F.3d 1011, 1013 (2d Cir.1997), *abrogated on other grounds by United States v. Perez,* 129 F.3d 255, 260 (2d Cir.1997), *cert. denied,* — U.S. —, 119 S.Ct. 384, 142 L.Ed.2d 318 (1998). A certificate of appealability, in turn, may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *accord Lozada,* 107 F.3d at 1013.

In the case before us, the government strongly argues that the certificate of ap-

---

**2.** After submission of this case, pursuant to our directions, the parties filed supplemental briefs addressing the issue of our jurisdiction.

**3.** We have previously interpreted 28 U.S.C. § 2253(c)(1) to allow district judges as well as circuit justices and circuit judges to issue

certificates of appealability. *See Lozada v. United States,* 107 F.3d 1011, 1014–16 (2d Cir.1997), *abrogated on other grounds by United States v. Perez,* 129 F.3d 255, 260 (2d Cir.1997), *cert. denied,* — U.S. —, 119 S.Ct. 384, 142 L.Ed.2d 318 (1998).

pealability issued without the requisite substantial showing of the denial of a constitutional right. We will assume that to be the case. Consequently, we must decide whether a certificate of appealability issued without meeting the "substantial showing of the denial of a constitutional right" requirement nonetheless suffices to confer appellate jurisdiction. We hold that it does.

Two of our sister circuits that have addressed this issue have concluded that a certificate of appealability that was issued erroneously nevertheless suffices to confer jurisdiction on a court of appeals. *See Young v. United States*, 124 F.3d 794, 799 (7th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 2324, 141 L.Ed.2d 698 (1998); *see also United States v. Talk*, 158 F.3d 1064, 1068 (10th Cir.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 1079, 143 L.Ed.2d 81 (1999) (relying on *Young* and declining to question the validity of the certificate of appealability *sua sponte* ); *cf. Nichols v. Bowersox*, 172 F.3d 1068, 1070–71 n. 2 (8th Cir. 1999) (*en banc* ) (holding that 28 U.S.C. § 2253(c)(2)'s denial of a constitutional right requirement does not preclude review of preliminary procedural issues antecedent to the merits of an appeal); *Nowakowski v. Maroney*, 386 U.S. 542, 543, 87 S.Ct. 1197, 18 L.Ed.2d 282 (1967) (holding that "when a district judge grants [a pre-AEDPA certificate of probable cause], the court of appeals *must* grant an appeal *in forma pauperis* . . . and proceed to a disposition of the appeal in accord with its ordinary procedure") (emphasis added). "The certificate is a screening device. . . . Once a certificate has issued, . . . [judicial and prosecutorial] resources have been invested . . . . [and] there is little point in scrutinizing the certificate of appealability." *Young*, 124 F.3d at 799. We note that this Court has also previously intimated the same "gate-keeping" view of the certificate of appealability requirement. *See Lozada*, 107 F.3d at 1015 (describing issuance of certificate of appealability as a " 'gate-keeping' function"). Thus, dismissing an appeal after a certificate of appeala-

bility has already issued would be of little utility; installing this Court as a gate keeper for the gate keeper would be redundant.

In addition, the Supreme Court's handling of the appeal in *Peguero v. United States*, —— U.S. ——, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999), lends further support to this treatment of the certificate of appealability. In *Peguero*, the Supreme Court was presented with an issue identical to the one we face: whether a sentencing court's failure to inform a defendant of his right to appeal entitles the defendant to collateral relief. *See id.* 119 S.Ct. at 963. In its brief, the government noted that the certificate of appealability was issued erroneously because the claimed error was merely a violation of the criminal rules and not the Constitution. *See* Brief for Respondent, *Peguero v. United States*, 1998 WL 848085, at *6 n. 5 (Dec. 8, 1998). Despite the inclusion of this point in the government's brief, the Supreme Court nevertheless considered and rendered a decision on the merits of the claim. *See Peguero*, 119 S.Ct. at 963–65. Since jurisdiction is an issue that each federal court has a duty to examine *sua sponte*, and since jurisdiction cannot be created by consent of the parties, the Supreme Court's example suggests that a certificate of appealability that does not meet the denial of a constitutional right requirement—and hence, is erroneously issued—nevertheless suffices to confer appellate jurisdiction.

We have recently noted that other panels of this Court have rejected *sub silentio* various challenges by the government to appellate jurisdiction based on the propriety of an issued certificate of appealability. *See Thomas v. Greiner*, 174 F.3d 260, 261 (2d Cir.1999) (per curiam). We now make explicit what our sister circuits have held and what this Court and the Supreme Court have suggested: that a certificate of appealability that is issued erroneously nevertheless suffices to confer appellate jurisdiction under § 2253. Of

course, the "substantial showing of the denial of a constitutional right" remains a prerequisite for a certificate of appealability, and issuing courts—this Court as well as district courts—should be mindful of this requirement. Nevertheless, once a certificate of appealability is issued, our appellate jurisdiction has vested, and this result holds even if the certificate of appealability is issued improvidently.

Because the certificate of appealability confers appellate jurisdiction on us, we now proceed to the merits of Soto's claims.

## II. The Sentencing Court's Failure To Inform Soto Of His Right To Appeal

Although Soto presents two claims on appeal—the sentencing court's failure to comply with Federal Rule of Criminal Procedure 32(c)(3)(A) and its failure to comply with Federal Rule of Criminal Procedure 32(c)(5)—the certificate of appealability issued by the District Court specified only the Rule 32(c)(5) claim for appeal. Therefore, the only claim that we may address is the sentencing court's failure to inform Soto of his right to appeal. *See Murray v. United States,* 145 F.3d 1249, 1250–51 (11th Cir.1998); *Lackey v. Johnson,* 116 F.3d 149, 151–52 (5th Cir.1997) (per curiam); *see also* 28 U.S.C. § 2253(c)(3) ("The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2) [setting forth the denial of a constitutional right requirement].").

Rule 32(c)(5) of the Federal Rules of Criminal Procedure provides, *inter alia,* that "[a]fter imposing sentence in any case, the court must advise the defendant of any right to appeal the sentence, and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis." We have held

that "the policy of preventing excessive litigation [concerning a defendant's knowledge of his right to appeal] justifies a strict and literal enforcement" of Rule 32(c)(5).[4] *Reid v. United States,* 69 F.3d 688, 689 (2d Cir.1995) (per curiam). Thus, we established in *Reid* what has been described as a *per se* rule requiring vacatur of a sentence and remand for resentencing when a sentencing court fails to comply with its duty to inform.

*Reid,* however, is perhaps not as sweeping as it may appear at first blush. In *United States v. Bygrave,* 97 F.3d 708 (2d Cir.1996), we held that *Reid* did not require vacatur and remand despite the sentencing court's failure to comply with Rule 32(c)(5) because the defendant had actually filed an appeal. *See id.* at 710. "The existence of ... [that] appeal eliminates any possible claim that [the defendant] ha[d] been prejudiced in any way by the District Court's failure to comply strictly with Rule 32(c)(5)." *Id.* Similarly, in *Valente v. United States,* 111 F.3d 290 (2d Cir.1997) (per curiam), we held that *Reid* did not require vacatur and remand despite the sentencing court's failure to inform the defendant of his right to appeal because the defendant had pleaded guilty pursuant to a plea agreement in which he agreed to waive his right to appeal. *See id.* at 293. "In such a case, the sentencing judge's failure to advise the defendant of his right to appeal can have caused him no harm because, as a consequence of his waiver, he had no right to appeal those claims." *Id.* at 292. We have, thus, limited *Reid* 's application in certain circumstances.

More significantly, the Supreme Court in *Peguero v. United States,* 526 U.S. 23, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999), has explicitly curtailed any *per se* rule articulated by *Reid.* In *Peguero,* the Supreme

---

4. *Reid* addressed the District Court's duty to inform a defendant of the right to appeal when it was set forth in Rule 32(a)(2). In 1994, the Rules were amended, and since then, the duty to inform has been set forth in Rule 32(c)(5). The 1994 amendments, how-

ever, effected no substantive change in the Rule. *See* Fed.R.Crim.P. 32 Advisory Committee Notes for 1994 Amendments; *Valente v. United States,* 111 F.3d 290, 291 n. 2 (2d Cir.1997) (per curiam).

Court held that a defendant is not entitled to collateral relief arising from a sentencing court's failure to inform him of his right to appeal when the defendant "had independent knowledge of the right to appeal and so was not prejudiced by the trial court's omission." *Id.* 119 S.Ct. at 965. The Court noted that "as a general rule, ... a court's failure to give a defendant advice required by the Federal Rules is a sufficient basis for collateral relief only when the defendant is prejudiced by the court's error." *Id.* at 964 (citing *Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) and *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979)). "[A] district court's failure to advise the defendant of his right to appeal does not entitle him to habeas relief if he knew of his right and hence suffered no prejudice from the omission." *Id.* 119 S.Ct. at 963.

■ Thus, in light of *Bygrave, Valente,* and *Peguero,* it is clear that *Reid*'s reach has been limited. Rather than a *per se* rule, a sentencing court's failure to inform a defendant of his right to appeal is subject to harmless error analysis. The only issue confronting us now is what constitutes prejudice or lack thereof under this analysis.

In *Peguero,* the District Court had specifically found, after an evidentiary hearing, that the petitioner had independent knowledge of his right to appeal. *See id.* Because of the petitioner's knowledge, the Supreme Court deemed him not to have been harmed by the sentencing court's omission. *See id.* 119 S.Ct. at 965. The issue in *Peguero,* thus, is similar to those presented in *Bygrave* and *Valente* because the petitioners in those cases could not have been prejudiced by their respective sentencing courts' failure to inform them of a right that either was actually exercised, as in *Bygrave,* or that could not have been exercised, as in *Valente.*

■ Here, in contrast, the District Court acknowledged that it failed to in-

form Soto of his appellate right, and the government does not contend that Soto waived or was independently aware of this right. Under these circumstances, the failure to comply with Rule 32(c)(5) has resulted in Soto's loss of his right to appeal, which, in and of itself, is sufficiently prejudicial to merit collateral relief. It is well established that "a collateral challenge may not do service for an appeal." *United States v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *accord Lucas v. United States,* 963 F.2d 8, 14 (2d Cir.), *cert. denied,* 506 U.S. 895, 113 S.Ct. 270, 121 L.Ed.2d 199 (1992). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *Frady,* 456 U.S. at 166, 102 S.Ct. 1584. "[A]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." *United States v. Addonizio,* 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Thus, the failure to inform a defendant of his right to appeal, when combined with the defendant's lack of independent knowledge of and his actual failure to exercise this right, constitutes more than a mere failure to comply with the formal requirements of the Federal Rules of Criminal Procedure. *Cf. Timmreck,* 441 U.S. at 784–85, 99 S.Ct. 2085 ("[W]e find it unnecessary to consider whether § 2255 relief would be available if a violation of [the criminal rules] occurred in the context of other aggravating circumstances. We decide only that such collateral relief is not available when *all* that is shown is a failure to comply with the formal requirements of the [rules].") (emphasis added) (citation and internal quotation marks omitted). Rather, the failure to inform under these conditions leads to the loss of an important—albeit non-constitutional—federal right which, by itself, is sufficient to merit collateral relief.

■ In addition, we hold that petitioners need not specify what appellate claims they lost due to a sentencing court's failure to inform in order to allege prejudice suffi-

cient to merit collateral relief. As Justice O'Connor wrote in her concurrence in *Peguero:*

> [T]here is no reason why a defendant should have to demonstrate that he had meritorious grounds for an appeal when he is attempting to show that he was harmed by the district court's error. To require defendants to specify the grounds for their appeal and show that they have some merit would impose a heavy burden on defendants who are often proceeding *pro se* in an initial 28 U.S.C. § 2255 motion.

119 S.Ct. at 965–66 (O'Connor, *J.,* concurring); *accord Tress v. United States,* 87 F.3d 188, 190 (7th Cir.1996); *cf. Restrepo v. Kelly,* 178 F.3d 634, 641–42 (2d Cir.1999) (holding that a habeas petitioner alleging ineffective assistance of counsel based on counsel's failure to file a requested notice of appeal need not demonstrate that his defaulted appeal would have succeeded in order to establish prejudice sufficient for habeas relief); *McHale v. United States,* 175 F.3d 115, 119 (2d Cir.1999) (holding that a § 2255 petitioner alleging ineffective assistance of counsel based on counsel's failure to perfect an appeal "need not demonstrate that, but for the ineffectiveness of counsel, such an appeal would have succeeded or even would have had merit" in order to gain collateral relief). "Those whose rights to appeal have been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings." *Rodriquez v. United States,* 395 U.S. 327, 330, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969) (rejecting a Ninth Circuit rule that required a § 2255 petitioner who had requested an appeal to show prejudice from his counsel's failure to perfect the appeal by presenting appellate claims and demonstrating their likelihood of success in a § 2255 motion).

██ For these reasons, we recognize that *Bygrave, Valente,* and *Peguero* have restricted the reach of *Reid.* In light of these cases, a sentencing court's failure to inform a defendant of his right to appeal does not automatically require vacatur of the sentence and remand for resentencing. Rather, if a petitioner actually took an appeal, waived his right to appeal, or had independent knowledge of his appellate right, then the petitioner has suffered no prejudice meriting collateral relief. Where a sentencing court has failed to inform a defendant of his right to appeal, it shall be the government's burden to present clear and convincing evidence that the defendant has suffered no such prejudice. *See United States v. Drummond,* 903 F.2d 1171, 1174 (8th Cir.), *cert. denied,* 498 U.S. 1049, 111 S.Ct. 759, 112 L.Ed.2d 779 (1991); *see also Felder v. United States,* 429 F.2d 534, 535 (2d Cir.) (holding that when a § 2255 petitioner claims sentencing court failed to inform him of his right to appeal, the government bears the burden of establishing that waiver of the right is "clearly established"), *cert. denied,* 400 U.S. 908, 91 S.Ct. 152, 27 L.Ed.2d 147 (1970); *cf. United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (noting that under harmless error standard, the government bears the burden of persuasion with respect to prejudice).

In the case at hand, we vacate and remand for further findings regarding Soto's knowledge of his right to appeal. We note that the District Court acknowledged that it did not inform Soto of this right, and that the government has failed to allege that Soto somehow had independent knowledge of it. Given these factors, we could simply vacate the District Court's order denying Soto's § 2255 motion and remand for resentencing. Nevertheless, there has been no explicit finding as to Soto's knowledge—if any—of his appellate right. In addition, the principles we have articulated are ones of first impression in this Circuit. Thus, under these circumstances, we remand this case for a determination of Soto's knowledge of his appellate right. On remand, if the District

Court finds by clear and convincing evidence that Soto was aware of his right to appeal, then Soto is not entitled to relief. If, however, the District Court cannot so find, then Soto's sentence shall be vacated and he shall be resentenced *de novo*—and advised of his appellate right—so that he may exercise his right to appeal.

### CONCLUSION

For the foregoing reasons, we vacate and remand this case to the District Court for further proceedings.

TSOUCALAS, Judge, dissenting:

The Court holds that a Rule 32(c)(5) violation necessitates a remand for resentencing *de novo* when the government cannot prove by clear and convincing evidence that a section 2255 petitioner otherwise knew of his right to appeal. For this reason, the Court remands for a hearing to determine whether the petitioner in this case had knowledge of his appellate rights.

Although the Court asserts that a sentencing court's failure to inform a defendant of his right to appeal is subject to a harmless error analysis, the Court's holding in this case demonstrates otherwise. Rather than requiring the petitioner show "harm" or "prejudice" before granting collateral relief, the Court holds that the deprivation of the right to appeal, *without more*, is "prejudice" sufficient for success on appeal. I cannot support this position and thus, respectfully dissent.

Before the Supreme Court's decision in *Peguero v. United States*, —— U.S. ——, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) this Circuit enforced a *per se* error rule remanding in almost all cases, except in cases where the defendant already knew of his appellate rights or voluntarily waived them. *Peguero* rejected this *per se* error rule, and required prejudice. It is indeed true, as the majority of this Court recognizes, that the issue post-*Peguero* is what constitutes "prejudice." Here, the Court, citing Justice O'Connor's concurrence in *Peguero*, merely applied a modified *per se* error test and found prejudice in the loss of the right to appeal.[1] I do not agree that the Court's definition of prejudice accurately reflects habeas law.

Section 2255 provides in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (1994). Therefore, a petitioner may rely on § 2255 only to correct a defect in sentencing which raises constitutional issues, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *See, e.g., Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *see also Graziano v. United States*, 83 F.3d 587, 589–90 (2d Cir.1996) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir.1995)). These are the only established inquiries to identify and define the existence of prejudice meriting relief under § 2255. A failure to advise a

---

1. In practice, the Court does not change the former *per se* rule as delineated in *Reid v. United States*, 69 F.3d 688 (2d Cir.1995) (holding that a district court's failure to advise a defendant of his right to appeal requires vacatur of the sentence and a remand for resentencing), and clarified by *Valente v. United States*, 111 F.3d 290 (2d Cir.1997) (holding that "petitioner under § 2255 who failed to appeal from his conviction is not entitled to be resentenced based on the district court's failure to advise him of a right to appeal if he knowingly and voluntarily waived the right to appeal [in the plea agreement]") and *United States v. Bygrave*, 97 F.3d 708 (2d Cir.1996) (holding that no remand is necessary when defendant did in fact appeal despite a Rule 32(c)(5) error).

defendant to appeal is neither a jurisdictional error, an error of constitutional magnitude, nor has it been found to be a fundamental defect. Accordingly, there is no prejudice in this case and no relief is merited.

In fact, this Circuit has found that:

[E]rrors in sentencing procedure are cognizable under § 2255 only if the petitioner establishes that the violation constituted a constitutional or jurisdictional error, *United States v. Timmreck,* 441 U.S. 780, 783, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979) (citing *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)), or by showing that the error resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure. *Id.,* 441 U.S. at 784, 99 S.Ct. 2085 (quoting *Hill,* 368 U.S. at 428, 82 S.Ct. 468).

*Femia v. United States,* 47 F.3d 519, 525 (2d Cir.1995) (quotation marks and parallel citations omitted) (holding lack of actual prejudice supplies a fully adequate basis for the district court's sua sponte dismissal of a petition raising a Rule 32(c)(3)(D) violation).

As the panel recognizes, it is well-settled that a convicted criminal has no constitutional right to an appeal. *See Abney v. United States,* 431 U.S. 651, 656, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). The right to appeal is statutory. *See id.; see also* 18 U.S.C. § 3742 (1988). None of the parties dispute that this case does not involve a jurisdictional or a constitutional claim, and that Soto's sentence does not exceed the maximum authorized by law. Neither this Court nor any of the parties argue that Soto's case fits into any of the expressly delineated categories. Nevertheless, the Court's definition of prejudice (the mere deprivation of a federal right) necessarily forces a Rule 32(c) error, which involves an oversight of criminal procedure, into the category of errors involving "fundamental defects" and "miscarriages of justice." Although the Court does not explicitly so

hold, this is the only way to interpret the Court's decision. I do not find a fit.

The Court acknowledges that in this case, Soto does not raise any constitutional or jurisdictional issues. In fact, based on these grounds, the Court implies that the certificate of appealability ("COA") issued in this case without the requisite showing of the denial of a constitutional right. Nevertheless, the Court determined that even if the district court erroneously issued the COA, relief may be granted.

The COA requirement is designed to prevent judicial resources from being squandered by searching for the "merits" of meritless appeals. I agree with my colleagues that an improvidently issued COA confers jurisdiction to review the denial of a habeas petition. However, it is noteworthy that the showing required for obtaining a COA is lower than that required to prevail on the merits. *Compare Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983) (a certificate of probable cause, which allowed a petitioner to proceed on appeal before enactment of the AEDPA, may be issued whenever reasonable jurists could differ as to whether there has been a denial of a constitutional right-petitioner need not show he could prevail on the merits), *and* 28 U.S.C. § 2253, *with* 28 U.S.C. § 2255. Logic therefore dictates that in cases where a COA is issued in error, only under rare circumstances and only after petitioner meets a great burden, can the Court actually grant relief. Soto clearly does not raise the denial of a constitutional right. For this reason, a COA should not have been issued. In my view, this strongly militates against the granting of relief on appeal even though we have the jurisdiction to hear the case. In fact, we should invoke our jurisdiction to deny the appeal on the merits.

Recent cases providing relief to petitioners because of loss of a right to appeal are starkly distinguishable from Soto's case and do not support the Court's holding that the deprivation of the statutory right

to appeal, by itself with nothing more, is sufficient to merit collateral relief. For example, in *McHale v. United States*, 175 F.3d 115 (2d Cir.1999) the panel, of which I was a part, presumed prejudice and granted collateral relief to a petitioner who established a Sixth Amendment violation when his attorney failed to perfect a properly filed appeal. The Court did not remand for resentencing but rather recalled its mandate dismissing the direct appeal.

In another case, *Restrepo v. Kelly*, 178 F.3d 634 (2d Cir.1999), the defendant unambiguously expressed his desire to appeal his conviction and asked his attorney on several occasions for assurance that his appeal was in progress. The attorney fraudulently represented to the defendant that he filed the appeal. The Court, dealing exclusively with the constitutional ineffective assistance of counsel claim, held:

> [I]f there has been a denial of the constitutional right to counsel on appeal, and not merely a flaw in counsel's performance, the defect is not subject to the cause-and-prejudice test established by *Strickland v. Washington*, because *prejudice resulting from the denial of counsel* is to be presumed.

*Restrepo*, at 641 (emphasis added).

Although this Court refers to *Rodriquez v. United States*, for support, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), *Rodriquez* is also inapposite. In that case as well, the petitioner alleged that his retained counsel had fraudulently deprived him of his right to appeal. Further, the petitioner in that case attempted to make a motion after sentencing requesting leave to proceed in forma pauperis. At that point, the clerk of the court should have filed a notice of appeal. There are no such allegations here. Soto's case does not raise a Sixth Amendment claim, or for that matter, any claim at all. Soto did not contest the validity of his plea, the sentence he received, nor does he attack the quality of his representation. There is also no indication or allegation that Soto even would have appealed within the required time limit. What is clear, however, is that Soto wishes to take advantage of the safety valve provisions that were passed quite some time after the 10 day time limit to appeal has passed. The district court has already rejected Soto's argument that the safety valve provisions can be applied retroactively and Soto did not appeal the district court's decision. *See Soto v. United States*, No. CV–96–0296, 1996 WL 497144, 1996 U.S. Dist. LEXIS 20139 (E.D.N.Y. Aug. 20, 1996). Rather than preventing litigation, this Court's remand for resentencing *de novo* creates a loophole allowing defendants who have not been actually prejudiced in any manner the opportunity to use judicial resources to attempt to relitigate the merits of their claims and to try to raise new ones. This may give the petitioner a form of relief larger in scope than he would have had if he filed a timely appeal, and allow petitioners raising frivolous claims a second bite at the apple. I cannot condone throwing the floodgates open to future litigation of this type.

Even constitutional errors are reviewed for actual prejudice[2] to the petitioner (usually by requiring that petitioners establish the existence of meritorious claims). Generally, this means that petitioner must prove, or at least allege, that the outcome would have been different had the error not occurred. *See, e.g., Morales v. United States*, 143 F.3d 94, 96 (2d Cir. 1998) (holding that prejudice resulting from deficient representation is determined by many circumstances, including

---

2. Although *Strickland, McHale* and *Restrepo* noted that certain errors committed by ineffective counsel allow a presumption of prejudice, as discussed above, these rare exceptions are not before the Court at this time. *See Strickland v. Washington*, 466 U.S. 668, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)

(holding that prejudice can be presumed where a case-by-case inquiry into prejudice is not worth the cost, the error is easy to identify and such errors are easy for the government to prevent). In fact, conservation of judicial resources require that we deny relief in this case.

"the variable merits and prospects on appeal, especially one from a sentence imposed by a plea."); *see also Brecht v. Abrahamson,* 507 U.S. 619, 622, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (reviewing government's unconstitutional use of petitioner's post-Miranda silence for a substantial and injurious effect on the jury's verdict). I cannot imagine that we would place a higher burden on a petitioner raising an undisputed constitutional error, than on a petitioner raising clearly nonconstitutional violations of federal statutes and of procedural rules. When the petitioner raises a mere procedural claim, therefore, we should not be hard-pressed to give him a voice when others with weightier claims are not entitled to one.

This result-oriented definition of prejudice makes sense especially in instances where, as in this case, the defendant pleads guilty, is sentenced to the mandatory minimum term of imprisonment, and does not object to the terms of imprisonment recommended in the pre-sentence report. Even though we cannot base a holding in Soto's case on the provisions of the plea agreement (because it is not part of the record, nor do we know if there ever was one), when a defendant voluntarily enters into a plea and is sentenced to the minimum term, of which he is aware, or to a term below the minimum, he has no grounds for appeal. *See* 18 U.S.C. § 3742(c) (1988). Under these circumstances, there is no prejudice. I am therefore reluctant to adopt a rule that the trial court's failure to advise a defendant of his right to appeal entitles him to a remand so that he could be resentenced *de novo* without requiring some constitutional or jurisdictional grounds on which he could base an appeal. In light of Soto's sentence to the minimum term of imprisonment, Soto's case lacks the "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill,* 368 U.S. at 428, 82 S.Ct. 468.

I do recognize, as my fellow panel members emphasize, that there are some marked benefits to a defendant on direct appeal that may not be available with collateral review. For example, a remand so that defendant could be advised of his right to appeal, and defendant's subsequent first direct appeal as of right, entitles defendant to counsel, a right that does not extend to collateral review. *See Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). At the very least, on appeal a defendant has the right to an Anders brief filed by counsel outlining possible grounds for appeal and reversal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). However, even this constitutional right to counsel has not been found to warrant the futile exercise ordered by this Court in this case.

Further, along the same lines, another difference between direct appeal and collateral review is the relief to which an appellant, as opposed to a petitioner, is entitled. For example, the law does not require that we give petitioners relief even if their claims would have entitled them to relief on direct review. The courts simply determined that judicial resources are not to be wasted correcting certain types of errors on collateral review. *Compare Hill,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (holding that district court's failure to comply with formal requirements of Rule 32 is insufficient for collateral relief), *with United States v. Margiotti,* 85 F.3d 100, 103 (2d Cir.1996) (holding that after a direct appeal, resentencing is typically appropriate if the sentencing court has not complied with the allocution requirements of Rule 32). Generally, direct appeal affords a larger spectrum of claims on which an appellant could prevail. Soto raises unusual circumstances because, ironically, a Rule 32(c)(5) violation by itself, would not entitle him to relief on direct appeal. *See Bygrave,* 97 F.3d 708. The same error, however, at least according to this Court, entitles him to habeas relief.

My definition of harmless error would not foreclose a remand for resentencing when the petitioner can show actual prejudice by the Rule 35(c)(5) violation. However, this would entail that he have constitutional or jurisdictional claims, or at the very least, colorable grounds for appeal. In no way do I condone a district court's failure to advise a defendant of his right to appeal. The right to appeal a criminal conviction is, without dispute, a substantial statutory right. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). In addition, I would not release an attorney of his duty to inform his client of his appellate rights. Moreover, I would not allow defendants to file groundless motions and to use up judicial resources for no practical purpose.

The fact that Soto has no grounds for appeal should doom his claim. According to 18 U.S.C. § 3742, which defines the grounds for appeal of a sentence, a defendant may file a notice of appeal only if his sentence:

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines; or

(3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or a term of imprisonment, probation, or supervised release than the maximum established in the guideline range, or includes a more limiting condition of probation or supervised release under section 3563(b)(6) or (b)(11) than the maximum established in the guideline range; or

(4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a).

For those defendants who plead guilty, the grounds for appeal may be even more limited:

In the case of a plea agreement that includes a specific sentence under Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure-

(1) a defendant may not file a notice of appeal under paragraph (3) or (4) of subsection (a) unless the sentence imposed is greater than the sentence set forth in such agreement.

18 U.S.C. § 3742(c).

Soto does not raise any cognizable claim and does not even allege any of the above grounds. The entire exercise of remanding to the district court for resentencing, even if he did not have independent knowledge of his right to appeal, would be for nothing.

Notably, Soto does not even attempt to argue that he has any meritorious grounds for appeal. In his reply brief to the government's opposition of his section 2255 motion submitted to the district court, petitioner writes: "[T]he government also claims that Soto cannot show prejudice by any lack of comprehension of his appellate rights.... Soto [does] not make such a claim. Rather what he claims is that the district court f[a]iled to inform him of his right to appeal." Pet.'s Reply Brief at 1–2. In other words, Soto feels he is entitled to relief solely because of the district court's Rule 32(c)(5) violation, with nothing more. Even though the Court allows this conclusion, I cannot.

The circumstances in this case do not amount to a "complete miscarriage of justice." Habeas relief is reserved for "persons whom society has grievously wronged and for whom belated liberation is little enough compensation." *Fay v. Noia*, 372 U.S. 391, 440–441, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). Soto is therefore not entitled to habeas relief. I would affirm the district court's denial of Soto's § 2255 motion.