**Robert KREVSKY, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 98–2384.

United States Court of Appeals, Second Circuit.

Argued March 19, 1999.

Decided Aug. 2, 1999.

Julia Pamela Heit, Winograd & Winograd PC, New York, N.Y. (Joel Winograd, Corey Winograd, of counsel), for Petitioner–Appellant Robert Krevsky.

Peter A. Norling, Assistant United States Attorney for the Eastern District of New York, New York, N.Y. (Zachary W. Carter, United States Attorney, Emily Berger, Assistant United States Attorney, of counsel), for Respondent–Appellee.

Before: CABRANES and STRAUB, Circuit Judges, and TSOUCALAS, Judge.*

Judge TSOUCALAS dissents in a separate opinion.

STRAUB, Circuit Judge:

Robert Krevsky appeals from a final order of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*), denying his motion for post-conviction relief pursuant to 28 U.S.C. § 2255. On appeal, Krevsky contends that the District Court should have granted his § 2255 motion because the District Court failed to inform him at sentencing of his right to appeal, as required by Rule 32 of the Federal Rules of Criminal Procedure. In response, the government argues that we lack jurisdiction to hear this appeal or, alternatively, that the District Court properly denied Krevsky's motion because Krevsky was independently aware of his right to appeal and, in any event, has no meritorious issues to raise on appeal. For the reasons that follow, we conclude that we have jurisdiction over

* The Honorable Nicholas Tsoucalas, of the United States Court of International Trade, sitting by designation.

this appeal and that Krevsky is entitled to habeas relief.

## BACKGROUND

On June 24, 1988, Krevsky pleaded guilty to conspiracy to import cocaine in violation of 21 U.S.C. § 963. In accepting Krevsky's plea, the District Court stated:

I want to make sure you understand if I accept your plea of guilty here today you are going to be giving up all of these rights that I just explained to you. There will not be a trial. The government will not be called upon to prove you guilty of these charges beyond a reasonable doubt. You won't see who your accusers are. I will simply direct that a judgment of guilty be entered. I will sentence you on another day and there will be no right of appeal.

On May 12, 1989, Krevsky was sentenced principally to fifteen years' imprisonment. At sentencing, the District Court did not advise Krevsky that he had a right to appeal, and Krevsky did not in fact appeal.

In January 1997, Krevsky filed a motion *pro se* under 28 U.S.C. § 2255, seeking, *inter alia,* resentencing on the ground that the District Court had not advised him of his right to appeal. Krevsky subsequently retained counsel, and oral argument was held before the District Court. At argument and in its submissions, the government took the position that resentencing was appropriate. However, in April 1998, the District Court denied the motion. In its opinion, the District Court stated:

That Mr. Krevsky knew of his right to appeal is reflected in a brief colloquy between him and the Court [during the argument on his § 2255 petition] as follows:

THE COURT: You were convicted back in 1983 for conspiracy to distrib-

ute cocaine, conspiracy to import cocaine and so on and you were sentenced to ten years. Did you appeal that sentence?

DEFT. KREVSKY: Yes.

THE COURT: You did. You were completely aware of the right to appeal the sentence.

DEFT. KREVSKY: That was a trial, your Honor.

The District Court granted Krevsky a certificate of appealability pursuant to 28 U.S.C. § 2253 as to the Rule 32 claim. Krevsky timely appealed.

## DISCUSSION

■ The government contends that we lack jurisdiction to hear this appeal because the District Court granted the certificate of appealability in error. Specifically, the government maintains that Krevsky has not made a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). We need not decide whether the government is correct in asserting that the certificate was improvidently granted. In *Soto v. United States,* 185 F.3d 48 (2d Cir.1999), we held that "a certificate of appealability issued without meeting the 'substantial showing of the denial of a constitutional right' requirement nonetheless suffices to confer appellate jurisdiction." *Id.* at 52. Accordingly, we have jurisdiction over this appeal based on the certificate issued by the District Court.

Turning to the merits of the appeal, Krevsky claims that the District Court should have granted his § 2255 motion because it failed to inform him at sentencing of his right to appeal, as required by Rule 32 of the Federal Rules of Criminal Procedure.[1] In *Soto,* we recognized that

---

1. At the time of Krevsky's sentencing, Rule 32(a)(2) of the Federal Rules of Criminal Procedure provided:

*Notification of Right to Appeal.* After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall

advise the defendant of the defendant's right to appeal, including any right to appeal the sentence[,] and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. There shall be no duty on the

"a sentencing court's failure to inform a defendant of his right to appeal is subject to harmless error analysis." *Id.* at 54 (citing, *inter alia, Peguero v. United States,* — U.S. —, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999)). On appeal, the government argues that the District Court's failure to advise Krevsky of his right to appeal was harmless for two reasons: first, because Krevsky had independent knowledge of his right to appeal, and second, because Krevsky lacks meritorious issues to raise on appeal.[2] We address these arguments in turn.

■ While this case was pending on appeal, the Supreme Court held in *Peguero v. United States* that a defendant is not entitled to collateral relief arising from a sentencing court's failure to inform him of his right to appeal when the defendant "had independent knowledge of the right to appeal and so was not prejudiced by the trial court's omission." — U.S. at —, 119 S.Ct. at 965. In the instant case, the District Court found that Krevsky knew that he had a right to appeal because Krevsky had previously appealed from a sentence imposed after conviction following trial in a separate case. Krevsky counters that he understood only that he had a right to appeal after a trial, rather than after a plea of guilty. We need not decide whether, under ordinary circumstances, a defendant's prior appeal from a sentence imposed after trial would suffice to show that the defendant was aware of his right to appeal following a guilty plea. In the instant case, the District Court

itself told Krevsky in accepting his guilty plea that there would be no right to appeal. On these facts, we conclude that the District Court clearly erred in determining that Krevsky was aware of his right to appeal. We therefore reject the government's contention that the District Court's failure to comply with Rule 32 was harmless because Krevsky was independently aware of his right to appeal.

■ The government next argues that the District Court's failure to advise Krevsky of his right to appeal was harmless because Krevsky has no meritorious issues to raise on appeal. This argument is barred by *Soto,* which held, over a vigorous dissent, that "petitioners need not specify what appellate claims they lost due to a sentencing court's failure to inform in order to allege prejudice sufficient to merit collateral relief." 185 F.3d at 55.

■ Because the government has not shown that the District Court's failure to inform Krevsky of his right to appeal was harmless, Krevsky is entitled to resentencing. Although Krevsky has requested that he be resentenced by a different judge, we see no basis for reassigning the case and therefore decline to do so. *See United States v. Bradley,* 812 F.2d 774, 782 n. 9 (2d Cir.) ("As a general rule, even when a sentencing judge has been shown to have held erroneous views or made incorrect findings ... resentencing before a different judge is required only in the rare instance in which the judge's fairness or

---

court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty or nolo contendere, except that the court shall advise the defendant of any right to appeal his sentence. If the defendant so requests, the clerk of the court shall prepare and file forthwith a notice of appeal on behalf of the defendant.

A similar provision is now found in Rule 32(c)(5) of the Federal Rules of Criminal Procedure.

2. Krevsky pleaded guilty pursuant to a written plea agreement with the government, but

the parties have been unable to locate a copy of that agreement, and there is no indication in the record that Krevksy waived his right to appeal therein. Accordingly, the government does not argue that this case is governed by *Valente v. United States,* 111 F.3d 290, 291 (2d Cir.1997) (per curiam), wherein we concluded that a "petitioner under § 2255 who failed to appeal from his conviction is not entitled to be resentenced based on the district court's failure to advise him of a right to appeal if he knowingly and voluntarily waived the right to appeal on the grounds asserted in the § 2255 petition." *See also Soto,* 185 F.3d at 53–54.

the appearance of the judge's fairness is seriously in doubt."), *cert. denied,* 484 U.S. 832, 108 S.Ct. 107, 98 L.Ed.2d 67 (1987).

## CONCLUSION

For the foregoing reasons, we vacate the District Court's order denying Krevsky's § 2255 petition, and we remand the cause to the District Court with directions to (i) grant the petition, (ii) vacate Krevsky's sentence, and (iii) resentence him.

TSOUCALAS, Judge, dissenting

Recently, this Court held in *Soto v. United States,* 185 F.3d 48 (2d Cir.1999), that a petitioner under 28 U.S.C. § 2255 is entitled to a remand for resentencing when a district court fails to inform him of his appellate rights and the government cannot prove that petitioner otherwise knew of his right to appeal. Based on *Soto,* the Court now finds that the petitioner in this case, Robert Krevsky, is entitled to a remand for resentencing.

Krevsky, like the petitioner in *Soto,* was not told of his right to appeal; essentially, the only variation in the facts between the two cases is that the district court affirmatively told Krevsky during the plea proceedings that he had no right to appeal and then subsequently failed to inform him of his appellate rights during sentencing. In addition, Krevsky (unlike the petitioner in *Soto* ), raised a claim of ineffective assistance of counsel and challenged the voluntariness of his guilty plea in the district court. A careful review of the record and of Judge Glasser's opinion, which thoroughly addresses the ineffective assistance of counsel allegation and the voluntariness of the plea, belie these claims.[1] Nevertheless, the ineffective assistance of counsel claim and the allegations that the guilty plea was not made knowingly and volun-

---

1. Specifically, Krevsky admitted to the district court the following:

   THE COURT: You and Daniel and David Rappaport, John Novack, Richard Bova, Anthony Rosanti, Mario Angel, Claudio Gomez, one or more of you, whether you had an agreement with one or more of those persons, an understanding with one of those persons, that you were going to import cocaine into the United States from a place outside . . . the United States?
   KREVSKY: Yes, I had an agreement with someone, yes.

   . . .
   THE COURT: You entered into that agreement?
   KREVSKY: Yes, I most certainly did.
   THE COURT: And that is knowingly, intentionally, voluntarily.
   KREVSKY: Yes.
   THE COURT: With the purpose of accomplishing that objective which was to import cocaine into the United States.
   KREVSKY: Yes.
   THE COURT: Where did this agreement take place? Did it take place within Brooklyn, Queens? Where did you enter in this agreement? Where did you have this understanding?
   KREVSKY: Three boroughs. . . .
   THE COURT: You knew what you were doing?
   KREVSKY: Yes, sir.

*Krevsky v. United States,* 1998 WL 273031 at *10 (2d Cir.1998). Krevsky's own plea allocution revealed that his guilty plea was indeed made knowingly and voluntarily. In addition, at sentencing on May 12, 1989, when asked whether there was anything he wished to say on his own behalf, Krevsky replied, "Well, your Honor, yes, there is. I did conspire to import cocaine from July of 1986 and ongoing until my arrest. I conspired to do this with several co-defendants of mine, and also, some that are not indicted co-defendants." *Id.* at *11.

Krevsky based his allegations of ineffective assistance of counsel on five grounds: (1) failure to object to the pre-sentence report ("PSR") regarding the amount of cocaine attributed to him; (2) failure to object to a four level enhancement under U.S.S.G. § 3B1.1(a); (3) failure to object to imposition of term of supervised release; (4) failure to object to criminal history computation; and (5) failure to object to the government taking a position as to what his sentence should be. Judge Glasser addressed these arguments in turn and found them to have no merit. *See id.* at *26–29. As the transcript showed, both Krevsky and his counsel reviewed the PSR and had no objections to the terms contained therein. Further, the transcript reveals that defense counsel worked diligently to secure a 5K1.1 letter for his client, and that the district court did in fact consider a downward modification. *See id.* at *31.

tarily are not before the Court. The certificate of appealability pursuant to 28 U.S.C. § 2253 was issued only as to the Rule 32 claim. For the reasons I expressed in my dissenting opinion in *Soto*,[2] I respectfully dissent in this case as well.

Judge Glasser eloquently and thoroughly explained why a remand for resentencing should not be allowed in cases such as the one before the Court.[3] For this reason, I quote Judge Glasser's opinion at length below. As a preliminary matter, I understand and adopt Judge Glasser's real and practical concern that granting Krevsky's motion at this point in time may entitle him to relief larger in scope than when he was originally sentenced. *See Soto*, 185 F.3d at 58 ("[T]his Court's remand for resentencing de novo creates a loophole allowing defendants who have not been actually prejudiced in any manner the opportunity to use judicial resources to attempt to relitigate the merits of their claims and to try to raise new ones. This may give the petitioner a form of relief larger in scope than he would have had if he filed a timely appeal, and allow the petitioners raising frivolous claims a second bite at the apple. I cannot condone throwing the floodgates open to future litigation of this type.") (dissenting opinion). Although this Court does not expressly remand for resentencing *de novo* in this case, such resentencing anew is required under *Soto*.

In this vein, Judge Glasser pointed out that:

The implication of a direction that the judgment and commitment order issued more than nine years ago be vacated and the case remanded for resentencing would be far-reaching indeed. Those far-reaching and salutary consequences undoubtedly provide the reasons for bringing this motion at this very late date. The "Court should not be ignorant as judges of what we know as men." *Watts v. Indiana*, 338 U.S. 49, 52, 69 S.Ct. 1347, 93 L.Ed. 1801 (1949).... [Krevsky] urges ... that the guidelines in effect upon resentencing would yield a more favorable result given the subsequent amendment to U.S.S.G. §§ 1B1.3(a) and 2D1.1.

. . . .

If the court would be required to write on a clean slate in resentencing Krevsky, in addition to applying current guideline provisions which might require a further downward departure, it would surely be urged that consideration be given to cases [reducing the original sentence impose for various factors].

To require the court to now return to 1989, applying subsequent judicial pronouncements and 1998 guidelines "would be especially inappropriate to do so at a time when district judges are already laboring under a sentencing regime that, by requiring intricate calculations and findings, necessarily complicates proceedings and increases the likelihood of technical mistakes. Sentencing is rigid and mechanistic enough as it is without the creation of rules that treat district judges as automatons." *United States v. Margiotti*, 85 F.3d 100, 103 (2d Cir. 1996).

*Krevsky*, 1998 WL 273031 at *9–10.

Further, Judge Glasser notes that "Krevsky does not argue that he was actually unaware of his right to appeal or that if he had been properly advised he would have appealed. His only claim is of a technical violation of the Rule." *Id.* at *7. I did not find the technical Rule 32 viola-

**2.** Familiarity with the principles expressed in the panel and dissenting opinions of that case is presumed.

**3.** Although Judge Glasser recognized that the law of this Circuit requires the granting of relief to petitioner, he denied Krevsky's habe- as motion "solely for the purpose of seizing the opportunity to determine whether the Court of Appeals will [resentence and remand] in light ... of the considerations to which I now advert." *Krevsky*, 1998 WL 273031 at *3.

tion, with nothing more, to merit relief under similar facts. *See Soto*, 185 F.3d at 60. I do not believe habeas relief is merited here either.

Finally, I agree with the learned district court judge that "[i]f errors of constitutional magnitude may be shown to be harmless, it must follow that error which is not constitutional in magnitude may be regarded as harmless as well. A failure to observe Rule 32(c)(5) is not an error of constitutional magnitude and does not affect a constitutional right." *Krevsky*, 1998 WL 273031 at *8. Accordingly, I stand by the principles expressed in my dissent in *Soto* and would affirm the original judgment of conviction and sentence in this case.