Curtis **GIBSON**, Petitioner–Appellant,

v.

William E. **PHILLIPS**, Respondent–Appellee.

No. 06–3252–pr.

United States Court of Appeals,
Second Circuit.

Feb. 4, 2008.

Bruce R. Bryan, Syracuse, NY, for Appellant.

Robert M. Morgenthau, District Attorney for New York County, Michael S. Morgan, Christopher P. Marinelli, Assistant District Attorneys, New York, NY, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner-appellant Curtis Gibson, a New York state-prisoner serving 25 years to life for second-degree murder, appeals from an order entered March 14, 2006, denying his *pro se* petition for a writ of habeas corpus. *Gibson v. Phillips,* 420 F.Supp.2d 327 (S.D.N.Y.2006). The district court granted a certificate of appealability ("COA") on a single issue: whether the state trial court erred in denying Gibson's motion to suppress his October 14, 1997, statement to police pursuant to *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We assume the parties' and counsel's familiarity with

the underlying facts and procedural history of this case, and with the issues raised on appeal.

 We begin by rejecting the respondent's challenge to our jurisdiction on grounds that the COA was improvidently granted. A COA vests us with jurisdiction to consider an appeal even if the district court should not have found that a COA was warranted. *Soto v. United States,* 185 F.3d 48, 51–53 (2d Cir.1999).

 Although we have jurisdiction to consider Gibson's appeal, we do not reach the merits of the constitutional issue that was the basis for the COA. Gibson is procedurally barred from pursuing his *Miranda* claim in federal court because he did not "fairly present" it in one complete round of a state-court appellate review process. *See Jimenez v. Walker,* 458 F.3d 130, 148–49 (2d Cir.2006), *cert. denied,* ——— U.S. ———, 127 S.Ct. 976, 166 L.Ed.2d 740 (2007); *Smith v. Duncan,* 411 F.3d 340, 345 (2d Cir.2005). In his brief to the Appellate Division on direct appeal, Gibson expressly waived any challenge to the admissibility of his October 14 statement. Gibson also did not raise the October 14 statement in his motion to the New York Court of Appeals for leave to appeal from the Appellate Division's decision affirming his conviction.

 Gibson's attempts to avoid the consequences of his procedural default by showing "cause and prejudice" or a "fundamental miscarriage of justice," *see Jimenez,* 458 F.3d at 149, fail. According to Gibson, ineffective assistance of appellate counsel caused the procedural default of his *Miranda* claim. But ineffective assistance of counsel "must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default," *Edwards v. Carpenter,* 529 U.S. 446, 452, 120 S.Ct. 1587, 146

L.Ed.2d 518 (2000) (internal quotation marks and citation omitted), and Gibson has not presented an ineffective-assistance claim in New York state court, *see DiSimone v. Phillips,* 461 F.3d 181, 191 (2d Cir.2006).

 As for the assertion of miscarriage of justice, Gibson argues that he would not have cooperated with police, and therefore would not have been convicted, had his October 14, 1997, interrogation been preceded by a *Miranda* warning. This assertion, even if true, does not help Gibson. The term "miscarriage of justice" in this context necessarily includes "actual innocence" of the petitioner. *Sweet v. Bennett,* 353 F.3d 135, 141 (2d Cir.2003). In assessing an actual-innocence claim we must "consider *all* evidence without regard to its admissibility." *Doe v. Menefee,* 391 F.3d 147, 162 (2d Cir.2004) (emphasis in original), *cert. denied,* 546 U.S. 961, 126 S.Ct. 489, 163 L.Ed.2d 364 (2005). The evidence does not support Gibson's claim.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.