UNITED STATES of America, Appellee,

v.

**Muniratu IBRAHIM, Defendant,**

Usman Ibrahim, Defendant–Appellant.

Docket No. 95–1135.

United States Court of Appeals, Second Circuit.

Submitted July 12, 1995.

Decided Aug. 7, 1995.

John D. Patten, New York City, for defendant-appellant.

Jo Anne Weissbart, Asst. U.S. Atty. for E.D.N.Y. (Zachary W. Carter, U.S. Atty. for E.D.N.Y., of counsel), for appellee.

Before: WINTER, MAHONEY and WALKER, Circuit Judges.

PER CURIAM:

This appeal follows a plea of guilty to two counts of narcotics trafficking before Judge Amon. Counsel has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that there are no non-frivolous issues to be raised on appeal, and has asked to be relieved as counsel. The government has moved for summary affirmance. We deny both motions without prejudice to renew after additional consideration.

In *Anders,* the Supreme Court held that where a court-appointed lawyer finds his or her client's claims on appeal to be "wholly frivolous," the lawyer may so advise the court and request permission to withdraw. 386 U.S. at 744, 87 S.Ct. at 1400. The request to withdraw must be "accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* The *Anders* brief in the instant matter is perfectly satisfactory with regard to the issues it addresses. *See United States v. Zuluaga,* 981 F.2d 74 (2d Cir.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 208, 126 L.Ed.2d 164 (1993) (discussing what is required in *Anders* briefs). However, as is often the case with *Anders* briefs, the validity of the appellant's plea has not been discussed, and a transcript of the plea allocution has not been provided to the court. There is usually an understandable reason for this omission, namely, counsel's judgment that

the appellant would not benefit from invalidating a plea and going to trial. A plea agreement may lead to a reduction of charges, and a plea may result in a reduction in Guidelines offense level for acceptance of responsibility. It may thus be a sound judgment that, in light of the strength of the government's case, invalidation of a plea agreement would entail unacceptable risks of a harsher sentence. Counsel often see no need to inform the court that a strategic decision has been made not to attempt to challenge the validity of the plea. Our case-law, moreover, has not instructed counsel to supply such information.

■■■ However, because the function of an *Anders* brief is to demonstrate that a conscientious examination of the record has been made and that there are no non-frivolous issues on which an appeal can be based, *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400, we believe that *Anders* briefs in the future should always contain a discussion regarding a guilty plea. Where an appellant has not requested that counsel challenge the validity of a plea or has not made such a challenge in a *pro se* brief,[1] an *Anders* brief should either: (i) state that counsel, having considered the possible benefits and risks, believes that appellant would run an unacceptable risk of adverse consequences in challenging the validity of a plea, or (ii) discuss the validity of the plea and why there are no non-frivolous issues regarding the plea on which to base an appeal. In the case of (ii), a transcript of the plea allocution should be provided to the court. If appellant expresses a desire to challenge the validity of a plea, either by request to counsel or in a *pro se* brief, but there are no non-frivolous arguments in that regard, an *Anders* brief must follow this second procedure.

We therefore direct appellant's counsel in the instant matter to address whether a challenge to the validity of appellant's plea is desired or would be in his interests. The motion to be relieved as counsel is denied without prejudice to renew, and consideration of the government's motion to affirm is deferred until renewed consideration of the motion to be relieved.

---

1. When an appellant seeks to challenge the validity of a plea by way of a *pro se* brief, it is not inappropriate for counsel to seek to dissuade the client by pointing out the risks involved. The ultimate decision, of course, is the client's.