UNITED STATES of America, Appellee,

v.

Anthony BYGRAVE, Defendant–Appellant.

No. 74, Docket 95–1434(L).

United States Court of Appeals, Second Circuit.

Argued Oct. 15, 1996.

Decided Oct. 16, 1996.

Donald M. Thompson, Rochester, NY, for defendant-appellant.

Christopher V. Taffe, Asst. U.S. Atty., Rochester, NY (Patrick H. NeMoyer, U.S. Atty., Rochester, NY, on the brief), for appellee.

Before NEWMAN, Chief Judge, CARDAMONE and McLAUGHLIN, Circuit Judges.

JON O. NEWMAN, Chief Judge.

This appeal concerns the adequacy of a brief filed pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), specifically compliance with our decision in *United States v. Ibrahim,* 62 F.3d 72 (2d Cir. 1995), regarding counsel's obligation in filing an *Anders* brief following a guilty plea.

*Ibrahim* recognized that counsel's obligation to file a brief "referring to anything in the record that might arguably support the appeal," *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400, extends to arguably non-frivolous issues concerning the validity of a guilty plea and compliance with Fed.R.Crim.P. 11. However, we also recognized that in many cases it will be disadvantageous to withdraw a guilty plea, especially after securing the benefits of a favorable plea bargain. We therefore advised counsel filing *Anders* briefs in guilty plea cases to either

(i) state that counsel, having considered the possible benefits and risks, [and] be-

lieves that appellant would run an unacceptable risk of adverse consequences in challenging the validity of a plea, or (ii) discuss the validity of the plea and why there are no non-frivolous issues regarding the plea on which to base an appeal.

*Ibrahim,* 62 F.3d at 74.

In the instant appeal, the defendant pled guilty to one count of conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846. The plea was entered pursuant to a sentence bargain specifying a sentence of 240 months and providing that the plea could be withdrawn if the sentencing judge rejected the negotiated sentence. *See* Fed.R.Crim.P. 11(e)(1)(C). The presentence report, which the sentencing judge accepted, calculated Bygrave's guideline sentencing range at 324–405 months.

Bygrave's appellate counsel filed an *Anders* brief. The brief adequately considers possibly non-frivolous issues apart from the plea allocution, but does not discuss all possibly non-frivolous issues concerning that allocution. Nor does counsel explicitly state that he has "considered the possible benefits and risks, [and] believes that appellant would run an unacceptable risk of adverse consequences in challenging the validity of a plea." *Ibrahim,* 62 F.3d at 74. Nevertheless, we conclude that the *Anders* brief is acceptable in the circumstances of this case. The representation required by *Ibrahim* concerning the risks of challenging a guilty plea need not be explicitly articulated where those risks are fairly inferable from counsel's report of the sentence and the circumstances under which it was imposed. That inference will often be available where a plea was entered pursuant to a plea or sentence bargain or a cooperation agreement. In this case, the negotiated sentence bargain resulted in a sentence of 240 months, far less than the 324–month minimum of the applicable guideline range. We therefore conclude that the risk of challenging the plea is so clear that the *Anders* brief need not discuss the plea allocution.

The Government contends that the case should be remanded because of the District Court's failure to apprise Bygrave of the right to appeal his sentence, as required by Fed.R.Crim.P. 32(c)(5). We disagree. The District Court granted Bygrave's request to

file for an extension of time to file a notice of appeal, and an appeal was filed. The existence of the instant appeal eliminates any possible claim that Bygrave has been prejudiced in any way by the District Court's failure to comply strictly with Rule 32(c)(5). Though we recently ruled that a remand for resentencing is required where the lack of compliance with Rule 32(a)(2) (as formerly designated) is noticed on a collateral attack, *see Reid v. United States,* 69 F.3d 688 (2d Cir.1995), no direct appeal had been taken in that case. A remand in *Reid* assured the defendant the opportunity to raise on direct review sentencing claims that might not have been available on collateral attack. No similar purpose would be served by a remand in the instant case, in which direct review has been perfected. .

The judgment of the District Court is affirmed, and the motion of appellant's counsel to be relieved is granted.