**UNITED STATES of America,**
**Appellee,**

v.

**Benjamin ATTAH, aka Ebenezer**
**K Spio–Bosu, Defendant–**
**Appellant.**

No. 04–4778–CR.

United States Court of Appeals,
Second Circuit.

May 31, 2005.

Thomas G.A. Brown, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern District of New York, New York, N.Y. (Harry Sandick, Assistant United States Attorney, of counsel) (On submission), for Appellee.

Patrick J. Brackley, New York, N.Y. (Thomas Eddy, on the brief) (On submission), for Defendant–Appellant.

PRESENT: KEARSE, CALABRESI, and POOLER, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Benjamin Attah ("Attah") appeals from his conviction, pursuant to a guilty plea, on charges of bank fraud, 18 U.S.C. § 1344, conspiracy to commit bank fraud, 18 U.S.C. § 1349, and the use of another individual's identification in order to make false statements to the government, 18 U.S.C. §§ 1028(a)(7), (b)(1)(D), and (c)(3)(A). Attah was sentenced by the district court to, *inter alia,* fifteen months of incarceration and the payment of approximately $66,000 in restitution. Attah now seeks to have his judgment of conviction vacated, on the ground that his guilty plea was not knowing and voluntary.

We assume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal.

Although the district court did not comply with Rule 11 by failing to advise Attah, during his plea allocution, of the restitution obligations contained in Attah's plea agreement, we find that Attah has not demonstrated that this omission constitutes plain error. The record evidence does not reveal " 'a reasonable probability that, but for the [Rule 11] error, [Attah] would not have entered the plea.' " *United States v. Vaval,* 404 F.3d 144, 151 (2d Cir.2005) (quoting *United States v. Dominguez Benitez,* 542 U.S. 74, 124 S.Ct. 2333, 2340, 159 L.Ed.2d 157 (2004)). That record demonstrates that Attah was aware that both the Probation Department's presentence report and his plea agreement indicated that he would be ordered to pay restitution, and yet Attah made no objections and did not attempt to withdraw his plea below. Attah also contends that the district court failed to advise him that his plea agreement contained a waiver of his right to appeal a restitution order equal to or less than a stipulated amount. But in light of the fact that the Government does not seek to enforce Attah's waiver of his right to appeal the restitution order, the district court's error was harmless by any standard. *See* Fed.R.Crim.P. 11(h); *United States v. Harrington,* 354 F.3d 178, 183 (2d Cir.2004); *see also United States v. Bygrave,* 97 F.3d 708, 710 (2d Cir.1996).

Finally, Attah seeks, in a letter supplementing his appellate briefing, to raise a claim that his sentence violated the Sixth Amendment and the Supreme Court's holding in *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Such a claim is, however, barred by Attah's waiver, contained in his plea agreement and discussed at his plea allocution, of his right to appeal a term of imprisonment within the stipulated range. *See United States v. Morgan,* 406 F.3d 135, 137 (2d Cir.2005); *see also United*

*States v. Fisher,* 232 F.3d 301, 304–05 (2d Cir.2000).

We have considered all of Attah's contentions on appeal and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.