UNITED STATES of America,
Appellee,

v.

Robert PRICE, also known as Bam, also known as Gus, and Michael Price, also known as Sisco, Defendants–Appellants.

Nos. 05–2487–cr(L), 05–2741–cr(CON), 05–3183–cr(CON), 05–3671–cr(CON).

United States Court of Appeals,
Second Circuit.

Nov. 14, 2006.

Dayna Ferebee, Law Office of Dayna Ferebee, New York, NY, for Defendant–Appellant Michael Price.

Jeremy G. Epstein, Shearman & Sterling LLP (Carolyn A. Bannon, Ladan F. Stewart, Alexandros R. Aldous, on the brief), New York, NY, for Defendant–Appellant Robert Price.

Morris J. Fodeman, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Emily Berger, Assistant United States Attorney, on the brief), Brooklyn, NY, for Appellee.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. WALKER, and Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Robert Price appeals from a judgment of conviction entered in the District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*) on May 20, 2005 upon a jury verdict of guilty of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base and one kilogram of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846; possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

Defendant–Appellant Michael Price's counsel has moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), on the basis that there are no non-frivolous grounds to appeal his judgment of conviction, which was entered on June 30, 2005 upon a plea of guilty to possession of a firearm in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The government has moved for a summary affirmance of that judgment.

We assume the parties' familiarity with the balance of the facts, procedural posture, and specification of issues on appeal.

■ Even assuming that the challenged portion of Detective Hennessy's testimony was admitted in error, and assuming further that Robert Price's objection properly preserved the issue, we conclude that any potential error was harmless. Shortly after the exchange complained of, Robert Price's own counsel asked whether Hennessy had ever arrested Robert Price, which allowed the government to probe Robert Price's previous narcotics arrest. Further, the government introduced overwhelming testimonial and physical evidence of Robert Price's guilt wholly unrelated to Hennessy's testimony. Under

these circumstances, we conclude that admission of the challenged testimony had no substantial influence on the jury verdict. *See, e.g., United States v. Garcia,* 413 F.3d 201, 217–19 (2d Cir.2005).

■ We further conclude that the District Court committed no error with respect to the testimony of Special Agent Robert Roth. On cross examination, Robert Price's counsel elicited that Roth had received hearsay "information" indicating that Robert Price, Michael Price, Eddie Pressley, and Kyan Pringle merely were friends and relatives. This tact permitted the government to respond by clarifying that Roth's "information" also indicated that those individuals dealt narcotics together. *See generally United States v. Rosa,* 11 F.3d 315, 335 (2d Cir.1993) (noting that the doctrine of curative admissibility applies where one party has introduced inadmissible evidence that creates a misleading impression). The District Court also properly admitted the testimony of cooperating witness Carlos Lugo, which stemmed from his personal knowledge of Robert Price's narcotics activities, and implicates none of the concerns regarding summary testimony by a case agent that we expressed in *United States v. Grinage,* 390 F.3d 746 (2d Cir.2004).

■ We further find no error in the District Court's denial of Robert Price's motion pursuant to Federal Rules of Criminal Procedure 29 and 33. The jury verdict form and special interrogatory are not inconsistent. Although the jury found that Robert Price did not personally carry a firearm in furtherance of his narcotics offenses, the verdict form allows the conclusion that the jury determined one of his co-conspirators did. Given the ample evidence that supported such a determination—including testimony of the 1992 arrest of Robert Price and Pressley for discharging a firearm, as well as the firearm and ammunition recovered from apartments used as "stash houses" for narcotics trafficking—we conclude that Robert Price was not entitled to either dismissal of the firearm charge or a new trial thereon.

We also conclude that the District Court acted within its discretion in admitting the tape recording of a conversation between Robert Price and his young daughter. Evidence of Robert Price's contemptuous attitude toward law enforcement officers made it more likely that he would threaten a cooperating witness in the presence of U.S. marshals and run a large-scale narcotics operation that depended on his active efforts to frustrate police. Although the conversation had some prejudicial effect, this effect did not outweigh, much less "substantially" outweigh, the relevance just described. *See* Fed.R.Evid. 403.

■ However, we conclude that Robert Price's sentence on count 21 of the indictment is illegal. The District Court sentenced Price to life imprisonment on that count, yet the applicable statutory maximum term is 20 years' imprisonment. 21 U.S.C. § 841(b)(1)(C). Thus, we remand Robert Price's case to the District Court for resentencing only on count 21 of the indictment.

Last, we have reviewed the *Anders* brief submitted by Michael Price's counsel and conclude that it complies with *United States v. Ibrahim,* 62 F.3d 72 (2d Cir. 1995). We also have reviewed the underlying record and conclude that there are no non-frivolous grounds for an appeal. Accordingly, we GRANT counsel's motion to withdraw, and GRANT the government's motion for a summary affirmance of Michael Price's judgment of conviction. For the reasons set forth above, we AFFIRM Robert Price's and Michael Price's judgments of conviction, but REMAND

Robert Price's case to the District Court for resentencing only on count 21 of the indictment.