05-3359-cr, 06-4444-cr
United States v. Whitley, United States v. Artis

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2006

(Submitted: April 20, 2007                    Decided:  September 17, 2007)

Docket Nos. 05-3359-cr, 06-4444-cr
(consolidated for disposition)
_____

UNITED STATES OF AMERICA,

Appellee,

v.

CLIFTON WHITLEY,

Defendant-Appellant.

_____

*consolidated for disposition with*
_____

UNITED STATES OF AMERICA,

Appellee,

v.

CLARENCE L. ARTIS, JR.,

Defendant-Appellant.

_____

Before: STRAUB, POOLER, and B.D. PARKER, <u>Circuit</u> <u>Judges</u>.
_____

In two separate appeals from criminal convictions in the United States District Court for

the Northern District of New York (Kahn, J., and McAvoy, J.), court-appointed defense counsel move to withdraw, pursuant to Anders v. California, 386 U.S. 738 (1967), on the ground that there is no non-frivolous basis for appeal. Because counsel's Anders briefs fail to address adequately the reasonableness of defendants' sentences, we deny the motions to withdraw without prejudice to their subsequent renewal, and defer consideration of the government's motions for summary affirmance until renewed consideration of the motions to withdraw.

Jane Elizabeth Lee, Portland, ME, for Defendant-Appellant Whitley.

Allen Stone, Stone and Stone, Vestal, NY, for Defendant-Appellant Artis.

Brenda K. Sannes, Assistant United States Attorney, for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, NY, for Appellee.

—————————————————————

PER CURIAM:

In two separate appeals from criminal convictions, consolidated for disposition, court-appointed defense counsel move to withdraw, pursuant to Anders v. California, 386 U.S. 738 (1967), on the ground that there is no non-frivolous basis for appeal.  Because counsel's Anders briefs fail to address adequately the reasonableness of defendants' sentences, we deny the motions to withdraw without prejudice to their subsequent renewal, and defer consideration of the government's motions for summary affirmance until renewed consideration of the motions to withdraw.

2

Defendant-appellant Clifton Whitley appeals from a judgment of conviction entered in the United States District Court for the Northern District of New York (Kahn, J.), following a plea of guilty to one count of making false statements to a firearm's dealer, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). The court imposed a sentence of forty-six months imprisonment, to be followed by a three year term of supervised release, a sentence at the bottom of the guidelines range. Defendant-appellant Clarence L. Artis, Jr., appeals from a judgment entered in the United States District Court for the Northern District of New York (McAvoy, J.), following a jury trial at which he was convicted on one count of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g), and one count of unlawful possession of ammunition in violation of 18 U.S.C. § 922(g). Artis was sentenced to a term of forty-one months imprisonment to run concurrently on both counts and a term of supervised release. He appealed, and we remanded for the district court to consider whether Artis should be resentenced in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and this court's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). On remand, the district court concluded that resentencing was not warranted and that the sentence previously imposed was "appropriate and reasonable."

We will not grant an Anders motion unless we are "satisfied that counsel has diligently searched the record for any arguably meritorious issue in support of his client's appeal," and "defense counsel's declaration that the appeal would be frivolous is, in fact, legally correct." United States v. Burnett, 989 F.2d 100, 104 (2d Cir. 1993). In the two appeals before us, neither counsel has satisfactorily addressed the reasonableness of his or her client's sentence. "We review sentences for reasonableness, which has both substantive and procedural dimensions."

3

United States v. Sindima, 488 F.3d 81, 84 (2d Cir. 2007) (internal citations omitted); see also United States v. Williams, 475 F.3d 468, 474 (2d Cir. 2007) (holding "that we review a sentence for reasonableness even after a District Court declines to resentence pursuant to Crosby"). The Anders brief submitted by Whitley's counsel merely recites the legal standard for procedural reasonableness and describes the sentencing process. Counsel does not analyze the procedural reasonableness of Whitley's sentence, and never mentions substantive reasonableness. Similarly, the brief submitted by Artis's counsel identifies certain procedural errors that could render a sentence unreasonable, states conclusorily that "the record reveals that the district court did not commit any" such errors, and then describes certain determinations made by the district court without analyzing the reasonableness of these determinations or the sentence as a whole.[1] A "brief conclusory statement does not fulfill counsel's obligations under Anders, which requires that counsel conduct a 'conscientious examination' of possible grounds for appeal." United States v. Zuluaga, 981 F.2d 74, 75 (2d Cir. 1992) (per curiam) (quoting Anders, 386 U.S. at 744). In addition, the failure to analyze reasonableness leaves us uncertain as to whether counsel diligently searched the record for any and all arguably meritorious claims in support of their clients' appeals.

"Counsel's failure to submit a proper Anders brief works two harms. First, it fails to

---

[1] We also note that in Artis's case, the sentencing memorandum submitted to the district court following the Crosby remand shows that counsel did not make any arguments about how defendant's individual circumstances related to the factors set forth in 18 U.S.C. § 3553(a). While it may be that the issues raised below – essentially the government's delay in prosecution and the possibility of vacatur of a state conviction – were the only arguments available even following Booker and Crosby, it is impossible to make such a determination on the record before us, and in any event, we may not engage in independent review of the record absent a satisfactory Anders brief. See Burnett, 989 F.2d at 104.

4

assist an appellate court . . . in its review of a motion to affirm summarily a district court order or judgment." Id. (internal quotation marks omitted). After all, "we may not independently determine the merits of an appeal, absent a properly prepared Anders brief." Burnett, 989 F.2d at 104. "Second, and more importantly, [failure to submit a proper Anders brief] amounts to a constructive denial of counsel to appellants," Zuluaga, 981 F.2d at 75, who are entitled to "a diligent and thorough review of the record and an identification of any arguable issues revealed by that review," McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 439 (1988). An inadequate Anders brief also harms defendants by failing to provide them with complete information about the basis for counsel's motion to withdraw. Cf. United States v. Leyba, 379 F.3d 53, 54 (2d Cir. 2004) (Defense counsel must also provide the client with a copy of the Anders brief and "a letter informing the client that he or she has the right to file a pro se brief." (internal quotation marks omitted)). Without such information, defendants cannot effectively respond to counsel's claims and inform us of their objections to Anders motions. Cf. Campusano v. United States, 442 F.3d 770, 776 (2d Cir. 2006) ("An Anders brief at least makes available to the defendant the best possible arguments supporting his appeal or the reasons why counsel believes no such arguments exist. Thus, if the defendant chooses to proceed pro se, he or she will do so with as much advice and assistance as his or her attorney can ethically provide."); Leyba, 379 F.3d at 55-56 (noting that a defendant who cannot speak English is entitled to an explanation of the substance of counsel's Anders brief).

Accordingly, we hold that an Anders brief should include a discussion of the reasonableness of a defendant's sentence. Counsel should typically address both the substantive and procedural reasonableness of the sentence. "In the substantive dimension . . . [counsel

5

should explain] whether the length of the sentence is reasonable, focusing our attention on the district court's explanation of its sentence in light of the factors detailed in 18 U.S.C. § 3553(a)." Sindima, 488 F.3d at 84 (internal quotation marks and citations omitted). With respect to procedural reasonableness, counsel should discuss "such factors as whether the district court properly (a) identified the Guidelines range supported by the facts found by the court, (b) treated the Guidelines as advisory, and (c) considered the Guidelines together with the other factors outlined in 18 U.S.C. § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 131-32 (2d Cir. 2006). As we have "expressed a commitment to avoid the formulation of per se rules to govern" reasonableness review and declined "to establish any presumption, rebuttable or otherwise, that a Guidelines sentence is reasonable," United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006), we emphasize that counsel's analysis of the reasonableness of a defendant's sentence cannot rely on generalities, but should instead reflect careful consideration of the particular sentencing determination under review. Finally, while we recognize that in certain limited instances, counsel may be able to demonstrate that a valid binding plea agreement renders discussion of reasonableness unnecessary, see, e.g., United States v. Gomez-Perra, 215 F.3d 315, 319 (2d Cir. 2000), we believe that in most cases counsel will be required to discuss a defendant's sentence in order to demonstrate that a thorough search for arguably meritorious claims has been conducted.

We therefore direct defendants' counsel to address whether the sentences at issue are substantively and procedurally reasonable. The motions to withdraw as counsel are denied without prejudice to their renewal, and consideration of the government's motions for summary affirmance is deferred until renewed consideration of the motions to withdraw. The clerk's office is directed to set a briefing schedule. The resubmitted Anders briefs and the deferred

6

motions should be submitted to a new panel in the ordinary course.