UNITED STATES of America,
Appellee,

v.

Wilfredo PEREZ, aka Wil, aka Wilfred, Fausto Gonzalez aka Fast, Santiago Feliciano aka Jay, aka Fat Jay, Defendants–Appellants,

Jose Antonio Perez aka Tony, Raymond Pina aka shorty, Defendants.

Nos. 05–5342–cr(L), 06–0472–cr(con), 06–1040–cr(con).

United States Court of Appeals, Second Circuit.

Nov. 27, 2007.

David A. Ring, Assistant United States Attorney, for Kevin J. O'Connor, United States Attorney for the District of Connecticut (William J. Nardini, Assistant United States Attorney, on the brief), New Haven, CT, for Appellee.

Richard A. Reeve, Sheehan & Reeve, New Haven, CT, for Defendant–Appellant Perez; William T. Koch, Jr., Lyme, CT, for Defendant–Appellant Gonzalez; Dan E. LaBelle, Halloran & Sage LLP, Westport, CT, for Defendant–Appellant Feliciano.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, Circuit Judges, and Hon. JOHN F. KEENAN, District Judge.*

* The Honorable John F. Keenan, United States District Court for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

Defendants–Appellants Wilfredo Perez, Fausto Gonzalez, and Santiago Feliciano appeal from their convictions and sentences on various charges arising out of the 1996 murder-for-hire of Teddy Casiano. We assume the parties' familiarity with the facts and procedural history of the case.

■ Appellant Perez moved for a new trial on the ground that the testimony of the cooperating witnesses was unreliable. The district court denied that motion. We review rulings on new trial motions for abuse of discretion. *United States v. Canova*, 412 F.3d 331, 348 (2d Cir.2005). But "[i]t is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function of credibility assessment." *United States v. Sanchez*, 969 F.2d 1409, 1414 (2d Cir. 1992). It may be done, for example, "[w]here testimony is patently incredible or defies physical realities." *Id.* Here, defense counsel ably cross-examined each of the Government witnesses and pointed out inconsistencies to the jury. The jury found that there was enough credible evidence to demonstrate beyond a reasonable doubt that Perez was guilty of the crimes charged. On the new trial motion, the district court reviewed the testimony and concluded that there was sufficient agreement amongst the witnesses to bring the jury's finding of guilt well within the range of the acceptable. We do not believe this decision was an abuse of discretion.

■ Appellants Perez and Gonzalez both challenge certain evidentiary rulings. We review such rulings for abuse of discretion. *United States v. Holland*, 381 F.3d 80, 85 (2d Cir.2004); *see also United States v. Awadallah*, 436 F.3d 125, 131 (2d Cir.2006) ("Under Rule 403, so long as the district court has conscientiously balanced the proffered evidence's probative value with the risk for prejudice, its conclusion will be disturbed only if it is arbitrary or irrational."). The district court admitted firearms and ammunition—which concededly were not used in the killing of Casiano—as evidence that Perez's purpose in murdering Casiano was to maintain or increase his position in a racketeering enterprise, an element of the offense of committing murder in furtherance of a racketeering enterprise. 18 U.S.C. § 1959; *United States v. Concepcion*, 983 F.2d 369, 381 (2d Cir.1992). Appellant offered not to contest this element of the offense, but he never offered to stipulate to it, which meant that the burden of proof on the element remained with the Government. *See United States v. Parkes*, 497 F.3d 220, 226 (2d Cir.2007). We cannot say that the district court abused its discretion in admitting this evidence expressly for the above-mentioned purpose.

■ Appellant Gonzalez challenges the admission of testimony that he bragged about committing other murders. The district court found that Gonzalez's counsel opened the door to this testimony by suggesting that the Government witness lied about having asked Gonzalez to commit the murder, because a cautious criminal like the witness would not approach a stranger with such a request. We have held that "an 'impeached witness may always endeavor to explain away the effect of [a] supposed inconsistency by relating whatever circumstances would naturally remove it.'" *United States v. DeLillo*, 620 F.2d 939, 945 (2d Cir.1980) (alteration in original) (quoting *United States v. Cirillo*, 468 F.2d 1233, 1240 (2d Cir.1972)). Here, the witness's testimony was clearly aimed at providing a reason why he would have approached Gonzalez about committing the murder, despite knowing him only casually. It therefore served to explain away an

apparent inconsistency created by cross-examination. Accordingly, we cannot say that the district court abused its discretion in admitting the testimony.

Appellant Perez argues that the district court incorrectly held that it did not have the authority to impose a fine-only sentence for three of the counts on which he was convicted, under 18 U.S.C. §§ 1958 and 1959(a)(1). We have held otherwise. *United States v. James*, 239 F.3d 120, 126–27 (2d Cir.2000). Appellant acknowledges this and urges us to overrule *James*. This we cannot do. *See Veltri v. Bldg. Serv. 32B–J Pension Fund*, 393 F.3d 318, 327 (2d Cir.2004).

Appellant Gonzalez contends that the district court's supplemental jury charge on the issue of reasonable doubt was defective. We review jury instructions *de novo*. *United States v. Males*, 459 F.3d 154, 156 (2d Cir.2006). "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *United States v. Pimentel*, 346 F.3d 285, 301 (2d Cir.2003) (internal quotation marks omitted). The district court's charge was a proper statement of the law, and we do not find it misleading in any way.

Accordingly, the judgments of the district court are AFFIRMED as to Appellants Perez and Gonzalez.

Finally, Appellant Feliciano, who pled guilty to conspiracy to commit murder-for-hire, 18 U.S.C. § 1958, challenges the reasonableness of his sentence. His attorney has filed a motion to be relieved as counsel, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We require that *Anders* briefs contain a discussion of the propriety of the Sentencing Guidelines calculations and

sentencing hearing that specifically addresses the substantive and procedural reasonableness of the sentence. *United States v. Whitley*, 503 F.3d 74, 77 (2d Cir.2007). Feliciano's attorney has neglected to address the procedural and substantive reasonableness of the sentence in his *Anders* brief. We therefore ORDER that a decision on the *Anders* motion and on the Government's motion for summary affirmance of Feliciano's sentence be DEFERRED pending further briefing. Feliciano's attorney, Dan E. LaBelle, is directed to submit, within twenty-one days of this Court's order, a supplemental *Anders* brief addressing either (a) the propriety of the district court's findings that affected its Sentencing Guidelines calculations, the propriety of the Sentencing Guidelines calculations themselves, and the procedural and substantive reasonableness of Feliciano's sentence in light of the Guidelines calculations, *see Whitley*, 503 F.3d at 77; *see also United States v. Crosby*, 397 F.3d 103, 115 (2d Cir.2005); *United States v. Urena*, 23 F.3d 707, 708–09 (2d Cir.1994), or (b) why, under *United States v. Sharpley*, 399 F.3d 123 (2d Cir.2005), a discussion of the reasonableness of Feliciano's sentence is unnecessary.

Mr. LaBelle is also directed to file an affidavit or affirmation with this Court explaining that he has served his client with copies of the supplemental *Anders* brief and informed him that any *pro se* response to the supplemental *Anders* brief must be filed with this Court within twenty days of LaBelle's filing of the supplemental brief in this Court.

It is also ORDERED that Appellant Feliciano's appeal is unconsolidated from the appeals of Appellants Perez and Gonzalez. After the supplemental *Anders* brief is filed, the motions will be submitted

to a new panel of this Court in the ordinary course.