UNITED STATES of America,
Appellee,

v.

Clifton WHITLEY, Defendant–
Appellant.

No. 05–3359–cr.

United States Court of Appeals,
Second Circuit.

Jan. 15, 2008.

Glenn T. Sudaby, United States Attorney, Northern District of New York; Brenda K. Sannes, Assistant United States Attorney, Syracuse, New York, for Appellee.

Jane Elizabeth Lee, Portland, Maine, for Defendant–Appellant.

PRESENT: Hon. CHESTER J. STRAUB, Hon. RICHARD C. WESLEY, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Clifton Whitley appeals from the June 23, 2005 judgment of the United States District Court for the Northern District of New York (Kahn, J.) convicting him, by guilty plea, of one count of making a false statement to a firearms dealer in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2) and sentencing him to a term of imprisonment of forty-six months, to be followed by three years' supervised release. Whitley's counsel, Jane Elizabeth Lee, has filed a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), on the ground that there are no non-frivolous

grounds for the appeal,[1] and the government has filed a motion seeking summary affirmance of the conviction and sentence.

■ This Court has held that an *Anders* brief must "discuss the validity of the plea and why there are no non-frivolous issues regarding the plea on which to base an appeal," or state that "counsel, having considered the possible benefits and risks, believes that appellant would run an unacceptable risk of adverse consequences in challenging the validity of [the] plea." *United States v. Ibrahim,* 62 F.3d 72, 74 (2d Cir.1995) (per curiam). Here, Lee's discussion of the validity of the plea is adequate, but barely so, to the extent she notes facts sufficient to support the conclusion that the district court complied with the requirements of Rule 11 during Whitley's plea allocution. However, the only analysis in the plea discussion is inaccurate. Lee writes:

> The only right, under Rule 11, about which the court neglected to inform Appellant, was his right to court appointed counsel at trial and every other stage of the proceeding. However, because Appellant's present counsel was appointed counsel under the Criminal Justice Act, that omission was harmless error.

In fact, the district court did inform Whitley that "at a trial [he] would have the right to the assistance of an attorney" but did not inform him that he would have the right to counsel at every other stage of the proceeding. Although the error is harmless, it is harmless not because Lee was

appointed to represent Whitley on appeal, but because the omission did not affect Whitley's substantial rights, as there is no indication that Whitley would not have pled guilty but for the error. *See United States v. Vaval,* 404 F.3d 144, 151 n. 3 (2d Cir.2005) ("[T]o show plain error [in the plea allocution], a defendant must establish that the violation affected substantial rights and that there is 'a reasonable probability that, but for the error, he would not have entered the plea.' ").

■ This Court also requires that an attorney's *Anders* brief contain a discussion of the sentencing hearing and the substantive and procedural reasonableness of the sentence imposed. *See United States v. Whitley,* 503 F.3d 74, 77–78 (2d Cir.2007); *United States v. Urena,* 23 F.3d 707, 708–09 (2d Cir.1994). Here, Lee correctly concludes that Whitley's sentence was procedurally reasonable because the district court correctly found the applicable guidelines range, treated the guidelines as advisory, and considered the guidelines together with the 18 U.S.C. § 3553(a) factors; the length of the sentence imposed was also substantively reasonable in light of the § 3553(a) factors. *See Whitley,* 503 F.3d at 77–78; *United States v. Rattoballi,* 452 F.3d 127, 131–32 (2d Cir.2006). Although Lee's discussion of the propriety of the sentencing hearing again simply states a number of facts regarding the hearing, it adequately demonstrates that the district court complied with the requirements of Rule 32.

---

1. The *Anders* brief discussed here is Lee's third in this case. In September 2006, Lee filed her initial motion to withdraw as counsel pursuant to *Anders.* After directing Lee to comply with the *Anders* notice requirements, this Court deferred decision and directed her to rebrief: (1) Whitley's plea or whether a challenge to the plea would be unduly risky; (2) the guidelines calculation; (3) the reasonableness of the sentence; and (4) the propri-

ety of the sentencing hearing. In January 2007, Lee filed a second *Anders* brief. After again directing Lee to comply with the notice requirements, this Court ordered rebriefing of whether the sentence imposed was substantively and procedurally reasonable. *See United States v. Whitley,* 503 F.3d 74, 78 (2d Cir.2007). In October 2007, Lee filed this, her third *Anders* brief.

We have reviewed Lee's *Anders* brief, and conclude that it is minimally sufficient to comply with *Ibrahim,* 62 F.3d at 74, and *Whitley,* 503 F.3d at 77–78. We also have reviewed the underlying record and conclude that there are no non-frivolous grounds for an appeal. Accordingly, we grant Lee's motion to withdraw, and grant the government's motion for a summary affirmance of the conviction and sentence. However, given the poor quality of the briefing in this matter and Lee's repeated failures to comply with this Court's *Anders* requirements, she is hereby warned that future failure to properly discharge her duties under *Anders* may result in sanctions, which could include removal from this Court's Criminal Justice Act Panel.