11-2549-cr
United States v. Cossey

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of April, two thousand twelve.

PRESENT:

> DENNIS JACOBS,
> > <u>Chief Judge</u>,
> AMALYA L. KEARSE,
> PETER W. HALL
> > <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

United States,
> <u>Appellee</u>,

> -v.-                                                                11-2549-cr

Gary Cossey,
> <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | George E. Baird and Molly Corbett, Assistant Federal Public Defenders, <u>for</u> Lisa A. Peebles, Acting Federal Public Defender, Albany, NY. |
| **FOR APPELLEE:** | Elizabeth S. Riker and Lisa M. Fletcher, Assistant United States Attorneys, <u>for</u> Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, then-Chief Judge).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Gary Cossey, who pleaded guilty to possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B), appeals the 78-month sentence imposed on re-sentencing after remand, see United States v. Cossey, 632 F.3d 82 (2d Cir. 2011) (per curiam). We assume the parties' familiarity with the underlying factual allegations, the procedural history of the case, and the issues on appeal.

We generally review sentences for reasonableness under the "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007); accord United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). Reasonableness review has both a substantive and a procedural dimension. United States v. Whitley, 503 F.3d 74, 76 (2d Cir. 2007).

**[2]** In reviewing for procedural reasonableness, this Court considers such factors as whether the district court (1) failed to calculate (or improperly calculated) the Guidelines range, (2) treated the Guidelines as mandatory, (3) failed to consider the Section 3553(a) factors, (4) selected a sentence based on clearly erroneous factual findings, or (5) failed to adequately explain the sentence (including an explanation for any deviation from the Guidelines range). Gall, 552 U.S. at 51.

Cossey argues that the district court failed to consider several Section 3553(a) factors, including his personal history and his efforts at rehabilitation. The premise of that argument is that the district court must have ignored particular factors or characteristics unless they were mentioned during sentencing. However, "we never have required a District Court to make specific responses to points argued by counsel in connection with sentencing." United States v. Bonilla, 618 F.3d 102, 111 (2d Cir. 2010). Nor do we "insist that the district court address every argument the defendant has made or discuss every § 3553(a) factor individually." United States v. Villafuerte, 502 F.3d 204, 210 (2d Cir. 2007). In any event, the district court stated on the record that it had considered (inter alia) the submissions by counsel, which included the

2

information Cossey claims was not considered.  The district court also heard statements from Cossey and his family, which covered these same issues.  The district court's consideration of mitigating circumstances is further evident from imposition of the minimum within-Guidelines sentence.

Cossey criticizes the district court for not imposing a below-Guidelines sentence based on the report of his evaluation by Dr. Jacqueline Bashkoff.  A district court is not required "to accept a psychologist's conclusions at face value" where, for example, a "psychologist's report cannot be squared with the court's own judgment of the defendant's culpability and the danger he poses to society."  See United States v. DeSilva, 613 F.3d 352, 356-57 (2d Cir. 2010) (per curiam).  Dr. Bashkoff's conclusions were contradicted by Cossey's initial statement and admissions to law-enforcement officers in 2006.

Cossey argues that the district court may have relied on information in the Pre-Sentence Report that was the subject of factual disputes that the district court failed to resolve.  See Fed. R. Crim. P. 32(i)(3)(B).  But the district court, in providing the reasons for imposing Cossey's sentence, did not mention, or give any other indication that he relied upon, any of those disputed facts.  Instead, it relied on the evidence uncovered from the investigation of Cossey and Cossey's admissions to the police.

Finally, Cossey contends that his sentence is disparate from the sentences imposed on others, similarly situated.  See 18 U.S.C. § 3553(a)(6).  Cossey has not shown that his sentence is disparate from other "defendants with similar records who have been found guilty of the similar conduct."  Id.  Cossey's long history of viewing and possessing these materials coupled with his inability to permanently stop (despite his best efforts) support his sentence.  See Cossey, 632 F.3d at 88-89 (vacating previous sentence on other grounds but observing that "[t]he record also contains . . . evidence that would support the district court's decision that Cossey would re-offend based on an appropriate consideration that he did in fact re-offend at least once").

**[2]** Cossey also argues that his sentence is substantively unreasonable.  In assessing the substantive reasonableness of a sentence, this Court "take[s] into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts."  Cavera, 550 F.3d at 190.  Given the broad range of relevant factors, "the duty of a reviewing court is not to identify the

3

'right' sentence but, giving due deference to the district court's exercise of judgment, to determine whether the sentence imposed falls within the broad range that can be considered reasonable under the totality of the circumstances." United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008). Thus, review for substantive unreasonableness "provide[s] a backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009).

The district court imposed the minimum within-Guidelines sentence. We do not assume that a Guidelines sentence is reasonable; but "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006). Here, in light of the "fact [that Cossey] re-offend[ed] at least once," Cossey, 632 F.3d at 89, it cannot be said that the sentence fell outside the range of reasonable sentences or was otherwise unsupportable as a matter of law.

Cossey argues nevertheless that his sentence runs afoul of United States v. Dorvee, 616 F.3d 174 (2d Cir. 2010) (as amended). In Dorvee, we held that the 240-month sentence of a first-time offender who pleaded guilty to distribution of child pornography was procedurally and substantively unreasonable. Id. at 188. In so doing, we observed that courts determining sentences for offenses involving child pornography must be careful not to impose sentences that do not conform with the Section 3553(a) factors. Id. at 184-88. The instant case is easily distinguished. Whereas in Dorvee the defendant was sentenced to 240 months, the statutory maximum for his offense, here Cossey was sentenced to 78 months, which, though 18 months above the statutory minimum, was 42 months below the statutory maximum for his offense. And, unlike the sentence imposed in Dorvee, which was also subject to procedural error, the sentence imposed in this case is procedurally sound, and, as explained above, was reasonable under the totality of the circumstances.

4

We have considered all of Cossey's additional arguments and find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk