11-807-cr
United States v. Fallas

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of April, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
>> Chief Judge,
> AMALYA L. KEARSE,
> PETER W. HALL
>> Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X

United States,
> Appellee,

-v.-                                                  11-807-cr

Edgardo Arroyo; Pedro Delorbe, AKA Compadre; Angelica Guevara, AKA Angie,
> Defendants,

Ronald Fallas, AKA Danny,
> Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - - -X

FOR DEFENDANT-APPELLANT:     Alice L. Fontier (Joshua L. Dratel, on the brief), Law Offices of Joshua L. Dratel, P.C., New York, NY.

**FOR APPELLEE:**                    Glen A. Kopp (Christopher D.
                                     Frey and John P. Collins, Jr.,
                                     on the brief), Assistant United
                                     States Attorneys for Preet
                                     Bharara, United States Attorney
                                     for the Southern District of New
                                     York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, C.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Defendant-Appellant Ronald Fallas appeals his conviction and sentence for conspiracy to distribute more than five kilograms of cocaine. 21 U.S.C. §§ 841(a)(1), 846. He was sentenced principally to 180-months' incarceration.

[1] Fallas argues there was insufficient evidence to show beyond a reasonable doubt that the conspiracy that he was a part of was to distribute more than five kilograms of cocaine. A defendant challenging the sufficiency of the evidence undertakes a "heavy burden," United States v. Gaskin, 364 F.3d 438, 459 (2d Cir. 2004) (internal quotation marks omitted), because the standard of review is "exceedingly deferential," United States v. Hassan, 578 F.3d 108, 126 (2d Cir. 2008). A conviction must be affirmed against a sufficiency-of-evidence challenge if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In evaluating the sufficiency of the evidence, "we must view the evidence in the light most favorable to the government, crediting every inference that could have been drawn in the government's favor and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." United States v. Chavez, 549 F.3d 119, 124 (2d Cir. 2008) (internal citations, brackets, and quotation marks omitted).

The government presented sufficient evidence that the conspiracy was to distribute, and possess with intent to distribute, more than five kilograms of cocaine. One witness testified to seeing Fallas sell two kilograms of

cocaine. Testimony also established that Fallas transported two kilograms of cocaine from El Paso to New York and, separately, that Fallas told a witness that he had transported at least nine kilograms of cocaine to New York. In addition, a witness testified that Fallas had discussed with him four additional kilograms of cocaine that Fallas was bringing into the country. And, one of Fallas's couriers was arrested while in possession of two kilograms of cocaine. That evidence alone established that the conspiracy was to distribute or possess with the intent to distribute more than five kilograms of cocaine.

Fallas contends there was insufficient evidence to support those findings. But the quantity of drugs need not be shown only by the drugs actually seized. Instead, it can be proven by "specific evidence," such as "drug records, admissions or live testimony." Cf. United States v. Shonubi, 998 F.2d 84, 89 (2d Cir. 1993) (indicating factors applicable to calculating drug quantities for purposes of imposing sentence). Here, there was sufficient evidence in the form of testimony from Fallas's co-conspirators.

Fallas argues that there is insufficient evidence that the conspiracy actually distributed five kilograms of cocaine. However, the success of the conspiracy is irrelevant; what matters is the agreement. United States v. Labat, 905 F.2d 18, 21 (2d Cir. 1990) ("Since the essence of conspiracy is the agreement and not the commission of the substantive offense that is its objective, the offense of conspiracy may be established even if the collaborators do not reach their goal."); accord United States v. Tejada, 956 F.2d 1256, 1264 (2d Cir. 1992) ("Because the agreement defines the conspiracy, the parties' failure to complete the transaction does not shrink the conspiracy's scope.").

**[2]** We generally review sentences for reasonableness under the "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007); accord United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). Reasonableness review has both a substantive and procedural dimension. United States v. Whitley, 503 F.3d 74, 76 (2d Cir. 2007).

Fallas's offense was premised on a base-level offense of 34 because the quantity of cocaine connected to him was between 15 and 50 kilograms. See U.S.S.G. § 2D1.1(c)(3). He claims that his sentence was procedurally unreasonable because there was insufficient evidence to establish his responsibility for that quantity of cocaine. See Gall, 552

3

U.S. at 51 (explaining possible bases for procedural unreasonableness, including reliance on clearly erroneous facts).

As described above, sufficient evidence supported Fallas's connection to and responsibility for more than 15 kilograms of cocaine. Moreover, Fallas has not established that the district court relied on factual findings that were clearly erroneous. Accordingly, his procedural challenge to his sentence fails.

We have considered all of Fallas's additional arguments and find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk