13-4505(L)
*United States v. Bonilla-Caycedo*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand fifteen.

PRESENT:    JOSÉ A. CABRANES,
            JON O. NEWMAN,
                        *Circuit Judges,*
            STEFAN R. UNDERHILL,
                        *District Judge.*[*]

---

UNITED STATES OF AMERICA,

       *Appellee,*                                    No.    13-4505(L)

       v.

ANGELICA BONILLA-CAYCEDO, AKA SEALED
DEFENDANT 7, AKA ANGIE,

       *Defendant-Appellant.*[†]

---

**FOR ANGELICA BONILLA-CAYCEDO:**          Nancy Lee Ennis, Quijano & Ennis, P.C.,
                                           New York, NY.

---

[*] Stefan R. Underhill, United States District Judge for the District of Connecticut, sitting by designation.

[†] The Clerk of Court is directed to amend the caption of this appeal as indicated above.

13-4505(L)
United States v. Bonilla-Caycedo

**FOR THE UNITED STATES OF AMERICA:** Jennifer E. Burns, Assistant United States Attorney, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Angelica Bonilla-Caycedo's appeal is **DISMISSED** and Nancy Lee Ennis's *Anders* motion is **GRANTED.**

Defendant-appellant Angelica Bonilla-Caycedo ("Bonilla-Caycedo") appeals from a November 21, 2013 judgment of the United States District Court for the Southern District of New York, sentencing her principally to a term of imprisonment of 87 months. The government moves to dismiss Bonilla-Caycedo's appeal. Bonilla-Caycedo's counsel, Nancy Lee Ennis ("Ennis"), moves to be relieved as such pursuant to *Anders v. California*, 386 U.S. 738 (1967). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On March 5, 2013, Bonilla-Caycedo pleaded guilty to one count of conspiracy to violate the narcotics laws of the United States in violation of 28 U.S.C. § 963. A7–8; A37. Bonilla-Caycedo pleaded guilty pursuant to a plea agreement with the government in which she "agreed . . . [not to] seek a sentence modification . . . of any sentence within or below the Stipulated Guidelines Range of 120 to 135 months' imprisonment." A18. During Bonilla-Caycedo's plea allocution, she confirmed her understanding that, by pleading guilty, she was "giving up [her] right to appeal . . . any sentence [the District Court] impose[d], so long as that sentence [was] within or below the guideline range set forth in the plea agreement." A35. As noted above, the District Court ultimately sentenced Bonilla-Caycedo to 87 months' imprisonment, 33 months below the lower end of the guidelines range specified in the plea agreement, after determining that she was eligible for safety-valve relief under 18 U.S.C. § 3553(f)(1)–(5) and a reduction for acceptance of responsibility under Section 3E1.1 of the United States Sentencing Guidelines. *See* A46–47; A79–81.

"[W]aivers of the right to appeal a sentence are presumptively enforceable." *United States v. Coston*, 737 F.3d 235, 237 (2d Cir. 2013) (alterations and internal quotation marks omitted). "We will enforce a defendant's waiver of the right to appeal a sentence . . . if the record clearly demonstrates that the waiver was both knowing (in the sense that the defendant fully understood the potential consequences of [her] waiver) and voluntary." *Id.* (alterations and internal quotation marks omitted). Based on our review of the record, relevant law, and the parties' submissions, we are convinced that Bonilla-Caycedo's waiver met this standard. As a result, we dismiss her appeal.

2

With regard to Ennis's *Anders* motion, "[t]his Court will not grant an *Anders* motion unless it is satisfied that (1) [defense] counsel has diligently searched the record for any arguably meritorious issue in support of [her] client's appeal and (2) defense counsel's declaration that the appeal would be frivolous is, in fact, legally correct." *United States v. Bonilla*, 618 F.3d 102, 108 (2d Cir. 2010) (internal quotation marks omitted).

Additionally, where, as here, "an appellant has not requested that counsel challenge the validity of a plea or has not made such a challenge in a *pro se* brief, an *Anders* brief should either: (i) state that counsel, having considered the possible benefits and risks, believes that appellant would run an unacceptable risk of adverse consequences in challenging the validity of a plea, or (ii) discuss the validity of the plea and why there are no non-frivolous issues regarding the plea on which to base an appeal." *United States v. Ibrahim*, 62 F.3d 72, 74 (2d Cir. 1995). But "[t]he representation . . . concerning the risks of challenging a guilty plea need not be explicitly articulated where those risks are fairly inferable from counsel's report of the sentence and the circumstances under which it was imposed," which "inference will often be available where a plea was entered pursuant to a plea or sentence bargain or a cooperation agreement." *United States v. Bygrave*, 97 F.3d 708, 709 (2d Cir. 2006).

Having reviewed the record, relevant law, and the parties' submissions, we are satisfied that Ennis has diligently searched the record for any arguably meritorious issue in support of Bonilla-Caycedo's appeal, and that Ennis's declaration that Bonilla-Caycedo's appeal would be frivolous is legally correct. *See Bonilla*, 618 F.3d at 108. Ennis's *Anders* brief, however, neither states that, having considered the possible benefits and risks, Ennis believes that Bonilla-Caycedo would run an unacceptable risk of adverse consequences in challenging the validity of her plea, nor discusses the validity of her plea and why there are no non-frivolous issues regarding her plea on which to base an appeal. *See Ibrahim*, 62 F.3d at 74.

Nevertheless, the risks of challenging the plea here are "fairly inferable." *Bygrave*, 97 F.3d at 709. Specifically, if Bonilla-Caycedo were to challenge her plea, she would risk forfeiting her acceptance-of-responsibility reduction. *See* A46–47; A79. "We therefore conclude that the risk of challenging the plea is so clear that [Ennis's] *Anders* brief need not [have] discuss[ed] the plea allocution," *id.*, and consequently grant Ennis's *Anders* motion.

## CONCLUSION

For the reasons set forth above, we **DISMISS** Bonilla-Caycedo's appeal and **GRANT** Ennis's *Anders* motion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3